DANIEL HONIG ET AL., Appellants, v. E. F. KNIPE, Respondent.

**St. Louis Court of Appeals, April 19, 1887.**

1. LIENS—ARTIFICER—SPECIFIC.—An artificer has, in the absence of a custom, at common law, a lien only on the chattel improved by his labor and in his possession, and not for a general balance for work done on other chattels.

2. ——— SPECIAL AGREEMENT.—A lien for a general balance in favor of an artificer will be supported by slight evidence of a special agreement to that effect.

3. ——— APPELLATE PRACTICE.—If evidence embodied in the record in a narrative form admits of a construction indicating that the artificer reserved, by agreement, a lien for a general balance, that construction will be given it in favor of a judgment upholding the lien.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

M. KINEALY and JAMES R. KINEALY, for the appellants :  The court erred in giving the instruction asked by the defendant.  *Steinecke v. Marx*, 10 Mo. App. 581; *Rothschild v. Frensdorf*, 21 Mo. App. 318; *Bury v. Wood*, 17 Mo. App. 245; *Bowen v. Railroad*, 75 Mo. 426; *Condon v. Railroad*, 80 Mo. 567; *Dunn v. Dunnaker*, 87 Mo. 597; *McCrory v. Anderson*, 103 Ind. 12; *Storms v. White*, 4 West. Rep. 907; *Sullivan v.*

*Railroad*, 4 West. Rep. 441; *Dowling v. Allen*, 5 West. Rep. 370.

F. A. C. MACMANUS, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an action of replevin for the recovery of a buggy. The plaintiffs' ownership is admitted. The defendant, by answer, claimed that he had a lien on the buggy for the sum of ninety-three dollars, being the balance of a bill for painting work done on the vehicle in controversy and other vehicles of the plaintiffs, placed in the defendant's hands for repairs at the same time, and prayed that his said lien be enforced in this proceeding.

The plaintiffs denied this claim by reply, and further stated that certain persons had, theretofore, recovered judgment against the defendant for thirty-four dollars; that an execution issued on such judgment, upon which execution the plaintiffs were garnished, as the defendant's debtors, and upon such garnishment were adjudged to pay, and did pay, to the plaintiffs in the execution thirty-four dollars, and costs, which payment they set up by way of estoppel against the defendant's claim.

Upon the trial the plaintiffs gave evidence tending to show that, prior to the institution of this suit, they had tendered to the defendant the sum of twelve dollars, which was admitted to be the value of the work done on this particular buggy. The plaintiffs, also, gave evidence showing that, prior to the institution of this suit, and prior to such tender, they had paid, on an execution against the defendant, as garnishees, the sum of thirty-four dollars and costs.

The plaintiffs offered to show that the twelve dollars, charged for the repair of the buggy in controversy, formed part of the thirty-four dollars and costs paid by them in the garnishment proceedings. It

appearing that the defendant was not present at the garnishment trial, the court ruled out this oral proof.

The defendant gave evidence tending to show a balance due from the plaintiffs to him on account of work done, and that the work was reasonably worth the prices charged; the balance thus shown was eighty-eight dollars, but no credit was given in the account for money paid by the plaintiffs on the defendant's account in the garnishment proceedings. In regard to the lien which the defendant claimed on the buggy in controversy for the whole balance the defendant testified that one of the plaintiffs told him, "when I finished the job he would pay me all he owed me," and, "I was to have the buggy until he paid it all."

It does not expressly appear at what time these statements were made, whether before or after the defendant did the work on the other vehicles. The evidence is not preserved *verbatim* in the record, but in a mere narrative form. As, however, no objection has been made to the defendant's testimony, so far as it relates to any agreement for a lien, and as, moreover, the plaintiffs' instructions to the jury are predicated upon the hypothesis of there being some evidence of an agreement for a lien for a general balance on this particular buggy, we must presume, in support of the judgment, that there was such evidence, since the defendant's evidence will admit of that construction.

The jury found a verdict, that the defendant had a valid claim on the property for eighty-eight dollars. Of the amount so found the defendant, on suggestion of the trial court, remitted fifty-three dollars (presumably the amount paid by the plaintiffs in the garnishment proceedings), and the court entered judgment for the residue in favor of the defendant.

The plaintiffs make two complaints upon this appeal: (1) That the court erred in ruling out their offer of oral proof, that they paid in the garnishment proceeding the twelve dollars, which, in the absence of a

lien by agreement, would be a lien for the specific work done on the buggy in controversy. (2) That the court erred in instructing the jury upon the hypothesis of a lien for a general balance, when there was no evidence of a valid agreement to that effect.

Neither of these complaints is just. Since the jury found a lien by agreement for the general balance, it was immaterial whether the amount which constituted a specific artificer's lien on this specific article was discharged or not. The plaintiffs' subsequent tender of the amount was equivalent to an admission that it was not discharged. Beyond this, however, we can not see how, on any principle, matters transpiring at a trial can be orally shown so as to constitute an estoppel against one who was neither present, nor a party to the collateral question under investigation. The admission of the garnishees that they owed the defendant a certain amount, on a certain account, could in no way estop him from claiming that they owed him more and owed him on other accounts.

The validity of the plaintiffs' second complaint depends wholly on the proper answer to the inquiry whether there was any evidence in the case of a lien by agreement for a general balance. While an artificer's lien is dependent on possession, and attaches, as a general rule, only to the chattel on which the particular work is done, the course of decisions, even on that subject, is far from uniform, as the courts are inclined to sustain a lien for a general balance wherever it can be done upon any evidence of custom or agreement. Overton on Liens, sect. 45. There was some evidence in this case, as above stated, of such an agreement, and on that proposition the court gave all the instructions that the plaintiffs asked, and put the case to the jury on grounds most favorable to them.

As the jury found a balance of eighty-eight dollars, as the court caused the defendant to reduce this balance

to thirty-five dollars, by compelling the defendant to credit all that the plaintiffs paid in the garnishment proceedings, as this residue is clearly due the defendant, according to the finding of the jury, after giving the plaintiffs all credit, which the money paid upon the garnishment entitles them to, it is no hardship to the plaintiffs to require them to discharge this debt, as a condition precedent to the recovery of their property, benefitted by the defendant's labor.

The judgment is affirmed. Judge Thompson concurs; Judge Lewis is absent.