GEORGE W. HAMPTON, Executor of the Estate of JOHN A. HAMPTON, Respondent, v. SAMUEL SEIBLE, Appellant.

### St. Louis Court of Appeals, May 1, 1894.

**Chattel Mortgages:** POWER OF MORTGAGOR TO SUBJECT PROPERTY TO LIEN. The mortgagor of a chattel has no power after condition broken to create a lien upon it, which will be effective against the mortgagee, by causing it to be repaired without authority from the latter.

*Appeal from the Hannibal Court of Common Pleas.—* HON. R. F. ROY, Judge.

AFFIRMED.

*Geo. M. Harrison* for appellant.

When a person, from the nature of his occupation, is under obligation according to his means to receive and be at trouble and expense about the personal property of another, he has a particular lien upon it, and the law has given this privilege to persons concerned in certain trades and occupations which are necessary for the accommodation of the public. It is now the general rule that every bailee for hire, who, by his labor and skill, has imparted an additional value to the goods, has a lien upon the property for his reasonable

charges.. 2 Kent's Commentaries [11 Ed.], secs. 634,. 635; 37 Central Law J., p. 254; *Grinnell v. Cook*, 3 Hill (N. Y.), 491; *White v. Smith*, 44 N; J. L. 105; *Hammond v. Danoson*, 126 Mass. 294; *Small v. Robinson*, 69 Me. 425; *The B. F. Wooley*, 7 Fed. Rep. 108; *The Two Marys*, 10 Fed. Rep. 919; *Fulhim v. Harding*, 9 Mo. App. 12; *Monteith v. Printing Co.*, 16 Mo. App. 450; Overton on Liens, 13, 14; Story on Agency [6 Ed.], secs. 353, 354, 360, 365, 374.

*R. E. Anderson* for respondent.

BOND, J.—Plaintiff brought an action of replevin before a justice of the peace to recover possession of a one-horse buggy. Upon the trial before the justice the defendant had judgment from which the plaintiff appealed to the Hannibal court of common pleas, where the case was submitted for decision to the judge of said court, who gave judgment in favor of plaintiff, from which the defendant has prosecuted his appeal to this court.

The case was tried in the court below upon the following agreed state of facts.

"It is agreed that the property claimed in the petition, and sought to be replevied, is included in the chattel mortgage executed on the twenty-first day of August, 1890, by Frank Buck to Dr. Jno. A. Hampton with other property, to secure a note dated August 21 and due sixty days after date, executed by Frank Buck to Jno. A. Hampton for the sum of $375 with eight per cent. interest from date, with a credit on February 16, 1891, of $100; and that, at the time of the institution of this suit, the balance of said note and interest was due to said Hampton; that Dr. Jno. A. Hampton departed this life on the —— day of April, 1892, leaving a will whereby he appointed Geo. W. Hampton,.

Hampton v. Seible.

the plaintiff herein, his executor, which will was duly probated by the probate court of Marion county; and that the said Geo. W. Hampton duly qualified as executor thereof, and was such executor at the time of the institution of this suit; that on the first day of December, 1891, the mortgagor, being in possession of said buggy, took it to the shop of the defendant, Samuel Seible, and that he did work and repairs upon the same, for which he charged the sum of $59.50, which has not been paid by either said mortgagor or mortgagee. The buggy was broken or mashed up, so much so that it could not be used as a buggy by the mortgagor, and was by Frank Buck taken to the carriage factory of Samuel Seible for repairs, and that he did work upon it to the amount of $59.50, and that prior to the bringing of this suit and up to the time of death of said Dr. Jno. A. Hampton, which was in April, 1892, and that up to September, 1892, it remained in the possession of the said Samuel Seible, the defendant herein, who claimed a lien for work, labor done and performed on it at the instance and request of the mortgagor Buck. That prior to the institution of this suit the administrator, plaintiff herein, as administrator of the estate of John A. Hampton tendered to Samuel Seible $30 in payment of the bill; that, after the death of said John A. Hampton and prior to the institution of this suit, the said Samuel Seible demanded of said executor the amount of said bill, $59.50, as a condition precedent to the delivering up the said buggy, and that said executor by way of a compromise or settlement offered him $30, which said amount he refused to accept, and thereupon this suit was brought. Said mortgage was duly recorded in the recorder's office of Marion county on the twenty-third day of October, 1890, by Thos. W.

Hawkins, recorder. It is further agreed that the reasonable value of said buggy is $75."

No declarations of law were requested or given on the trial of this case. The only question, therefore, presented on this appeal is whether or not the judgment of the trial court can be sustained upon any theory of law applicable to the agreed statement of facts submitted to the trial judge.

There is no doubt as to the soundness of the rule, insisted upon by defendant, that an artificer is entitled to a lien on the chattel improved by his labor and in his possession. *Honig v. Knipe*, 25 Mo. App. 574. This lien can not be created, however, in the absence of any express or implied employment of the artificer by the owner of the property, or his agent. If the contrary were true, it would be competent for one person without authority to improve the property of another at the latter's cost.

There is no evidence in the agreed state of facts that the mortgagee, or any one authorized to act for him, employed the defendant to put the repairs upon the buggy for which the lien is claimed. The mortgagor had no interest in the buggy after breach of the condition of the mortgage conveying it. The breach of the condition of the mortgage deprived the mortgagor of his equity of redemption in the chattels therein conveyed, and left him with a bare possession at the permission of the mortgagee. This mere custody of the property gave the mortgagor no power to encumber its title, or to create any charge upon it, without authority so to do from the owner.

There is nothing in the record showing that the mortgagee, or any one acting on his behalf, authorized the repairs or additions to the buggy for which the defendant claims a lien.

The result is that the judgment herein must be affirmed. All concur.