SCHULENBURG *et al.*, *Appellants*, v. HAYDEN *et al.*

### Division One, December 8, 1898.

1. **Mechanics' Lein:** RECONSTRUCTED HOUSE: MORTGAGE: PRIORITY. Where a mortgage covers the land and the house, and the house is partly destroyed by fire, and a contractor reconstructs it under a contract with the owner of the equity of redemption, the statute (R. S. 1889, sec. 6707), does not authorize the mechanic's lien to take priority over the mortgage, or the contractor to sell the reconstructed house and have it removed.

2. ———: ———: ———: CASE STATED.   One Silva made and recorded a deed of trust conveying a lot and house worth $6,000 to secure the payment of a debt. Afterwards the house was partly destroyed by fire, the part remaining being worth about $2,000, and uninhabitable. Silva contracted for a reconstruction of the house, but altered and enlarged the old plan, so that the last house was worth about $10,000. The plaintiffs were purchasers at a sale under a mechanics' lien, which attached, by the judgment, to the house only, and brought suit in replevin for the removal of the house from the lot, the defendants being the purchasers at the sale under the deed of trust. *Held*, that the purchaser at the sale under the deed of trust acquired a better title to the house than the purchaser at the sale under the mechanics' lien.

3. ———: ———: ———: ESTOPPEL.   Nor is the mortgagee estopped in such case from asserting his title, by seeing the house built on the land covered by his mortgage.

*Appeal from St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

AFFIRMED.

*Rudolph Schulenburg, Thos. J. Rowe* and *Haughton & Brownrigg* for appellants.

(1) A judgment in a mechanics' lien suit, when the parties to a prior deed of trust have been joined and duly served in the suit, is binding on such parties

and their privies, and the purchaser of the property under such judgment obtains title as against all such. (*a*) Judgment in *res adjudicata*. *Hicks v. Scofield*, 121 Mo. 381; *Russell v. Grant*, 122 Mo. 161; *Schaeffer v. Lohman*, 34 Mo. 68; *Reilly v. Hudson*, 62 Mo. 383; *Allen v. Sales*, 56 Mo. 28; *Holt Co. v. Cannon*, 114 Mo. 514. (*b*) Purchaser under deed of trust and privies are bound by the judgment. *Real Est. Co. v. Collonius*, 63 Mo. 290; *Koehler v. Bernicker*, 63 Mo. 368; *Turner v. Babb*, 60 Mo. 342; *Robinson v. McCune*, 128 Mo. 577; *Young v. Scofield*, 132 Mo. 650; *Gamble v. Daugherty*, 71 Mo. 599; *Stevenson v. Edwards*, 98 Mo. 622; *Carr v. Cates*, 96 Mo. 271. (*c*) Priorities are adjudged in such cases when necessary. *Hicks v. Scofield*, 121 Mo. 381; *Hall v. St. Louis Mfg. Co.*, 22 Mo. App. 33; *McAdow v. Sturtevant*; 41 Mo. App. 220; *Mo. Fire Clay Wks. v. Ellison*, 30 Mo. App. 67; *Dugan v. Scott*, 37 Mo. App. 663. (2) Particularly is this true when the judgment is against the house only and not against the land. The purchaser has, then, the right to remove the house. *Reed v. Lambertson*, 53 Mo. App. 76; *Jodd v. Duncan*, 9 Mo. App. 417; *Ambrose Mfg. Co. v. Gapen*, 22 Mo. App. 397; *Haeussler v. Thomas*, 4 Mo. App. 463; *Page v. Bettes*, 17 Mo. App. 366; *McAdow v. Sturtevant*, 41 Mo. App. 220; *Crandall v. Cooper*, 62 Mo. 478; *Russell v. Grant*, 122 Mo. 161; *Halzbour v. Meer*, 59 Mo. 434; R. S. 1889, sec. 6707. (3) Under the most unfavorable view of the matter that could have been held against plaintiffs, they were entitled to have the facts submitted to a jury. *Hall v. St. Louis Mfg. Co.*, 22 Mo. App. 33; *Hall v. Planing Mill Co.*, 16 Mo. App. 454; *Combs v. Lippincott*, 35 N. J. 481; Parish & Hazard's App., 83 Pa. St. 112; *Armstrong v. Ware*, 20 Pa. St. 519; *Hershey v. Shenk*, 58 Pa. St. 382; *Okisko Co. v. Matthews*, 3 Md. 168. (4) As a matter of law the house in question is a new house.

There were sufficient changes and additions to what was left by the fire to constitute the second house a new house. *Armstrong v. Ware,* 20 Pa. St. 519; *Driesbach v. Keller,* 2 Pa. St. 77; *Hershey v. Shenk,* 58 Pa. St. 382; *McAdow v. Sturtevant,* 41 Mo. App. 224; *Hall v. St. Louis Mfg. Co.,* 22 Mo. App. 33; *Combs v. Lippincott,* 35 N. J. 481; *Wheeler v. Pierce,* 167 Pa. St. 424; *Lightfoot v. Krug,* 35 Pa. St. 348; *In re Building's Est.,* 1 Ashmead, 377. (5) The title to the house passed to plaintiffs as purchasers under the lien judgment, and the only way in which a question of priority can now be raised is as to the disposition of the surplus arising from the sale under the deed of trust. *Lewis v. Morrow,* 89 Mo. 174; *Latrielle v. Dorlegue,* 35 Mo. 233; *Dollarhide v. Parks,* 92 Mo. 178; *Gray v. Bowles,* 74 Mo. 419; *Jones v. Hart,* 60 Mo. 362; *Crandall v. Cooper,* 62 Mo. 478; *Schaeffer v. Lohman,* 34 Mo. 68; *Koehler v. Bernicker,* 63 Mo. 368; *O'Reilly v. Nicholsan,* 45 Mo. 160. (6) Where the building is new, the lien is prior to that of a deed of trust prior in point of time. *Russell v. Grant,* 122 Mo. 161; *Haeussler v. Thomas,* 4 Mo. App. 463; *Reed v. Lambertson,* 53 Mo. App. 76; *Dugan v. Scott,* 37 Mo. App. 663; R. S. 1889, sec. 6707. (7) The law should be construed liberally in favor of the mechanic and those claiming under him. *Hicks v. Scofield,* 121 Mo. 381; *Walden v. Robertson,* 120 Mo. 38; *Dugan Co. v. Gray,* 114 Mo. 497.

*Seneca N. Taylor, Charles Erd* and *Seneca C. Taylor* for respondents.

(1) A deed of trust, placed by an owner on a lot with a complete building thereon, duly recorded, conveys a vested right in the building, and a contractor who furnishes material and labor for repairs on such building does not obtain a lien prior and superior to

such deed of trust as to the building. R. S. 1889, secs. 6706, 6707; *Haeussler v. Thomas*, 4 Mo. App. 463; *Hall v. Mfg. Co.*, 22 Mo. App. 33; *Dugan v. Scott*, 37 Mo. App. 663; *Reed v. Lambertson*, 53 Mo. App. 76; *Crandall v. Cooper*, 62 Mo. 478; *Reiley v. Hudson*, 62 Mo. 383; *Grandt v. Russell*, 122 Mo. 161. (2) Suits to enforce mechanics' liens in this State, are purely statutory. They are legal proceedings, and not proceedings in equity. Even the form of judgment and execution is minutely prescribed by statute. R. S. 1886, secs. 6705, 6706, 6707, 6712, 6713, 6718, 6719; *Steininger v. Raeman*, 28 Mo. App. 601; *Dugan v. Scott*, 37 Mo. App. 663; *Lumber Co. v. Hoos*, 67 Mo. App. 273; 15 Am. and Eng. Ency. of Law, 117; *Love v. Cox*, 68 Ga. 269; *Cummings v. Wright*, 72 Ga. 767; *Pratt v. Tudor*, 14 Tex. 37; *Porter v. Miles*, 67 Ala. 132. (3) The lien and the pleadings in the case of *Charles H. Reader v. Silva et al.*, did not state facts as the basis for, nor claim a lien on the building prior and superior to that created by the deed of trust given by the Silvas to Rutledge, trustee. Since this was not done, the question of priority could not have been before the court for adjudication. R. S. 1889, sec. 6712; *Russell v. Lumber Co.*, 112 Mo. 44; *Lumber Co. v. Hoos*, 67 Mo. App. 272; *Ins. Co. v. Ellison*, 30 Mo. App. 67; *Steininger v. Raeman*, 28 Mo. App. 591. (4) The judgment in the Reader case, which forms the basis of plaintiffs' action, went no further than to charge the interest of the Silvas in the property against which a lien was sought. The lien and pleadings only sought a lien against the interest of the Silvas. The judgment does not pretend to adjust priorities. It does not adjudge Reader's claim against the building as prior and superior to the title acquired from the deed of trust sale. (5) To constitute a judgment in a former suit between the same parties an estoppel, the record must

show that the same subject-matter had been passed upon and adjudicated in that suit. *Clemens v. Murphy*, 40 Mo. 121; *Spurlock v. Railroad*, 76 Mo. 67; *State ex rel. v. James*, 82 Mo. 509; *Nelson v. Barnett*, 123 Mo. 571; *Short v. Taylor*, 137 Mo. 562; *Baker v. Lowe*, 137 Mo. 688; *Eastman v. Cooper*, 15 Pick. 276; *Gilbert v. Thompson*, 9 Cush. 348; *Ridley v. Stillwell*, 27 Mo. 157; *Hickerson v. City of Mexico*, 58 Mo. 62; *Owens v. Link*, 48 Mo. 534; *Sutton v. Dameron*, 100 Mo. 150. (6) Where a mechanic's lien holder has established his lien as against a building as prior and superior to the purchaser under the deed of trust, if the latter prevents the purchaser under the lien judgment from removing the building, his proper remedy is an action for damages, and the measure of recovery is limited to the market value of the materials, less the cost of removal; not the value of the building as it stood; in other words, his actual damages only are recoverable. *Seibel v. Siemon*, 5 Mo. App. 303; *Seibel v. Siemon*, 52 Mo. 363; *Kansas City Hotel Co. v. Sauer*, 65 Mo. 288.

MARSHALL, J.—This is an action in replevin to recover possession of a house.

On February 13, 1890, Louis J. Silva, owned lots 38 and 39, in city block 4546, in St. Louis, on which there was a two story, hip-roof dwelling house, and on that day he gave a deed of trust, covering the land and the house, to Donovan, as trustee for Geraldin, to secure a loan of $5,000. On February 25, 1890, Silva gave a second deed of trust, covering both the land and the house, to Donovan as trustee for Geraldin, to secure a loan of $1,000. On January 19, 1892, Silva gave a deed of trust conveying the land and house to Rutledge, as trustee for Bradford, to secure a loan of $5,000. All of these deeds of trust were properly

recorded.   About July, 1893, the house was so injured by fire, as that the roof, the third floor (in the hip-roof), the rear portion of the second floor, all but the northeast corner and center of the first floor, the east wall, the rear wall to the second story joist, the partitions in the center of the first floor and all those on the second floor, except in the north east room, were destroyed. The west wall and most of the front wall were left standing intact.   Before the fire the house was worth about $6,000.   What remained after the fire was worth about $2,000 and the house was *uninhabitable*.   After the fire Silva made contracts with various contractors to reconstruct the house, among them with Charles Reader, for mantels and grates, for the price of $445. The plan of the house was changed so as to include a new room, with bay window to the east, the house was enlarged, a kitchen added, the interior arrangements altered, a room and bath room added on the second floor, the roof carried up so as to make two rooms in the third story, instead of an unfinished attic, as it formerly was, new windows cut in the east wall, etc. etc., so that the house, as reconstructed, was worth $10,000.   On the twenty-fourth of October, 1893, Silva gave a deed of trust covering the land and house, to Overall, as trustee for the Rainwater-Bradford Hat Co., to secure an indebtedness of $5,000.

The work of reconstruction was begun about July 15, 1893.   On the eleventh of November, 1893, Reader filed a mechanic's lien against the *land* and *house* for the work done and materials furnished by him between August 29 and October 14, 1893.   On the twenty-third of November, 1893, the land and house covered by the third deed of trust dated January 19, 1892, to Rutledge, trustee for Bradford, was regularly foreclosed, and Andrew J. Naughton became the purchaser.   On the twenty-ninth of November, 1893, Reader brought suit to

enforce the mechanic's lien, making Silva, Donovan, Giraldin, Overall, Rainwater-Bradford Hat Co., Rutledge, Bradford, Naughton and Ellerbe, assignee of the Rainwater-Bradford Hat Co., parties defendant. On January 13, 1894, Naughton, the purchaser at the trustee's sale, conveyed the property to the Bellmont Improvement and Property Company, of which he was the president, for a consideration of one dollar. On the thirteenth of February, 1895, Reader obtained judgment on his mechanic's lien against Silva, and as a special lien on the *land* and house. At the same February term, 1895 to wit, on the eighteenth day of March, 1895, Reader filed a motion to modify the judgment so as to make it apply to the *house* alone, omitting the land, and on the thirtieth of March, 1895, during the February term, the court made the modification. The execution was returned nulla bona, as to Silva, but was levied on the *house*, and the plaintiffs herein became the purchasers of the house, at the sheriff's sale, on the fourteenth of June, 1895, at the price of $800. Naughton's grantee, the Bellmont Improvement and Property Company, refused to allow the plaintiffs to remove the house, and this suit, in replevin for the possession of the house, was instituted. At the trial in the circuit court, and at the close of plaintiffs' case, the court sustained a demurrer to the evidence, plaintiffs took a nonsuit with leave, a motion to set the same aside was filed, which, being overruled, plaintiffs appealed to this court.

I. The pivotal question thus presented, is whether the Bradford deed of trust, dated January 19, 1892, covering the *land and house* or the mechanic's lien, for work and materials, done and furnished after July 15, 1893, and covering only the *house*, had priority. Upon the true solution of this proposition depends the result whether the purchaser at the sale under the deed of

trust or the purchaser at the sale under the mechanic's lien acquired the better title to the house. It is conceded that plaintiffs have no title to the *land*.

Our statutes, section 6706, give a mechanic a lien on the land upon which any building, erection or other improvement is situated, "to the extent and only to the extent of all the right, title and interest owned therein by the *owner* or *proprietor* of such building, erection or other improvement, for whose immediate use or benefit the labor was done or things were furnished."

Section 6707 prescribes as follows: "The lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements for which they were furnished or the work was done, in preference to any prior lien or incumbrance or mortgage upon the *land* upon which said buildings, erections, improvements or machinery have been erected or put; and any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter."

Section 6711 gives the mechanic's lien priority over all other liens, created by contract, placed on the land or house after the commencement of the buildings, etc.

Section 6713, allows all parties to the contract, "and all other persons interested in the matter in controversy or in the property charged with the lien," to be made parties to the suit to enforce the lien, "but such as are not made parties shall not be bound by any such proceedings."

In this case the work done and materials furnished was not "repairs," in its legal sense, nor was it an original construction or erection of a new building. It was more properly speaking a reconstruction of a partially destroyed building. The Bradford mortgage covered the land and the original house (worth $6,000).

A portion of the house, say two thirds in value, was destroyed by fire, but what remained was worth $2,000. The mortgagee's security was diminished by the fire, $4,000, but his mortgage was still extant on the land and the ruins of the original house.  It was duly recorded, and hence the contractor had notice of the lien on the land and the ruins of the house, when he made the contract and when he did the work and furnished the materials for reconstructing the house. The mortgagor was under no obligation to the mortgagee to reconstruct the building injured by the fire. The mortgagee was not a party to the contract to reconstruct, and could not be made liable personally or by the postponement of his mortgage lien, without his consent.  The contractor therefore did the work upon the personal credit of the mortgagor and upon the faith of his equity of redemption in the land. "Under a different rule it would be in the power of the mortgagor to destroy the security by erecting costly improvements, the expense of which the estate improved would not be able to pay."  And therefore "the mortgagee is entitled to a priority of payment over the lien of the mechanic for work done after notice of the existence of the prior lien.  The registry of the mortgage is such notice."  *Reid v. Bank*, 1 Sneed, l. c. 275; *Hallahan v. Herbert*, 11 Abb. Pr. N. s. 326.   "The lien laws give a preference to the mechanic's lien over all liens or incumbrances attaching *subsequently* to the commencement of the building," but the "lien given by the statutes does not override or interfere with prior *bona fide* liens."  The rights of the mortgagee are paramount to those of the mechanic where the mortgage attaches *before* the house was erected, altered or repaired.  But when the mortgage is executed on the premises *after* the beginning of the work or the commencing of the building, a mechanic's lien will take

precedence in point of lien to the mortgage. 15 Am. and Eng. Ency. Law, pp. 86, 87, 88 and 90, and cases cited in notes, which are too numerous to refer to herein.

The cases heretofore decided in this State are, and of necessity must be, in harmony with these axiomatic principles of law. The following cases relied on by plaintiff announce no different rule. *Hicks v. Scofield*, 121 Mo. l. c. 388, only decided that the holders of prior incumbrances are not affected by the mechanic's lien judgment, if they are not made parties (which is the express provision of section 6713, and is the rule of law without any statute), and adds, "A mortgagee who accepts real estate as security for a loan does so subject to the existing law, which enters into the contract as a part of it, and permits the subjection of every improvement upon the realty to the demand of the person whose labor or materials entered into that improvement in the circumstances defined by the statute. R. S. 1889, sec. 6705. But the priority thus given to the lien of the mechanic, as against the holder of the prior incumbrance, must be established in the mode prescribed by law." The gist of that case, however, is, that the mortgagee not being a party to the mechanic's lien suit was not concluded by that judgment, and that the priority between the mortgagee and the mechanic "must be established in the mode prescribed by law." It does not decide the priority—and therefore can not be treated as intending to decide anything in regard to that question.

*Reilly v. Hudson*, 62 Mo. 383, was a case where the lien antedated the mortgage, and, of course, took precedence over the mortgage. *Schaeffer v. Lohman*, 34 Mo. 68, was a case where there was a mechanic's lien on the property at the time it was purchased. *Allen v. Sales*, 56 Mo. 28, presented also a case of a

transfer of the property after the lien was filed. *Scibel v. Siemon*, 52 Mo. 363, was a contest between a purchaser under a deed of trust that covered only the *land*, and the purchaser at the sheriff's sale under a mechan-ic's lien judgment which covered only a *house*, which had been erected on the land *subsequent* to the date of the mortgage, wherein it differs from the case at bar. *Kane v. McCown*, 55 Mo. 181, was an action of ejectment growing out of a sale under attachment, and involved no question of priorities under the mechanic's lien law. *Bradish v. James*, 83 Mo. 313, was a mechanic's lien suit, but involved no question of priorities. In *Coe v. Ritter*, 86 Mo. 277, the trustee and cestui que trust under a mortgage prior to the mechanic's lien, were not made parties to the mechanic's lien suit, and of course were held not affected by the mechanic's lien judgment. *Holt Co. v. Cannon*, 114 Mo. 514, did not involve any question of mechanic's lien, or priorities. *Hardware Co. v. Building Co.*, 132 Mo. 442, does not discuss and did not involve a question of priorities. Moreover, the sixth syllabus is not warranted by the opinion. *Russell v. Grant*, 122 Mo. 161, decides that the holder of a prior mortgage is not affected by a mechanic's lien judgment for a building erected subsequent to the mortgage, unless he is made a party to the proceeding. This is the express provision of section 6713, Revised Statutes 1889. *Crandall v. Cooper*, 62 Mo. 478, was a contest between the purchaser at the sale under a deed of trust on the *land* and *house*, made prior to the beginning of the work for which a mechanic's lien was claimed (that work was putting up a fence along the street front of the house), and the purchaser at the sheriff's sale enforcing the mechanic's lien judgment. The court correctly reasons that the contractor could acquire no greater interest than the owner had, which was the equity of redemption subject to the mortgage,

and as that interest was cut out by the foreclosure of the mortgage, neither the owner of that equity of redemption nor the contractor had any interest left, and the purchaser at the mortgage foreclosure sale acquired a paramount title to that acquired by the purchaser at the sheriff's sale under the mechanic's lien. But the court inadvertently added, "by the third section" (now section 6707) "the purchaser might have bought the erections and improvements freed from all liens, and would have been entitled to recover them, and this is all that he could have acquired." This statement was declared, in *Russell v. Grant, supra,* to be "*obiter,*" and correctly so.

The true construction to put on section 6707, Revised Statutes 1889, is that if there is a mortgage on the *land,* and a contractor, under contract with the owner of the equity of redemption, builds a new house upon the land, he has a mechanic's lien against the *house,* and the *house* may be sold, and may be removed from the *land* by the purchaser, for this preserves to the mortgagee all the security he formerly had, and secures, as far as possible, the payment to the contractor for the work and materials he employed in building the house.

This is all that section 6707 means or guarantees. This is made perfectly clear in the light of section 6706, which confines the mechanic's lien to the right, title and interest of the owner, and it is in harmony with the adjudications, and with the first principles of law and justice.

Section 6711, of course, gives the mechanic's lien a priority over subsequent mortgages. But where the mortgage covers the *land* and the *house,* and the house is partially destroyed by fire, and the contractor reconstructs it under a contract with the owner of the equity of redemption, section 6707, does not authorize the

mechanic's lien to take priority over the mortgage or the sale of the reconstructed *house* and its removal. It may be that the reconstruction of the house would increase the security of the mortgagee, but he is not bound to rebuild the house—he may be content with his security of the land and the ruins of the house— which may be worth, as in this case, two fifths of his mortgage.  He has no power to prevent the owner of the equity of redemption from contracting with any person to reconstruct the house upon the faith of the credit of such owner, because he is not even entitled to foreclose his mortgage until condition broken, and is not entitled to exercise acts of dominion over the property (except to prevent waste) until he acquires title at the foreclosure sale.  On the other hand, the contractor can protect himself by not taking the risk, without the express consent of the mortgagee.  Other cases, like *Croskey v. Northwestern Mfg. Co.*, 48 Ill. 481, hold that the prior mortgagee would be entitled only to the value of the house at the time the mechanic's lien attached, and that the mechanic's lien takes priority over the mortgage to the extent of the additional value given to the property by the improvements, but any attempt to apply such a rule to a case like this, where the old and the new have become inseparable parts of a whole house, would necessarily lead to endless confusion, and nothing short of a sale of the whole and a division of the proceeds could possibly divide the interests of the mortgagee and of the lienor under the mechanic's lien law.  It would require more wisdom than Solomon had to exert in finding the true mother of the child, to work under such a rule at all satisfactorily.

When section 6707 is construed as hereinbefore indicated all the mooted questions, as to whether a sufficient mode has been provided for adjusting priorties, of the court and proper time in which these questions

shall be settled, are solved. The court, trying the mechanic's lien case with the holders of all mortgage liens properly before it, can ascertain the fact of whether the work for which the mechanic's lien is asked was done before or after the mortgage was put on record, and sections 6707 and 6711, instantly determine the question of priority. The conditions presented by the case at bar are not contemplated nor covered by either of those sections, and as the mechanic's lien is a creature of the statute, and as the legislature has not seen fit to make a law covering such conditions, the result is that the rights of the parties must be determined as of their contract rights. So measured, it follows, that Silva had a right to give the mortgage to Bradford on both the land and the house. After the house was partially destroyed by fire, neither Silva nor Bradford were under any obligation to each other to restore or reconstruct it. Silva had a right to contract with Reader to reconstruct the house, but no act or contract between them could impair, affect or postpone the rights of Bradford. Reader was entitled to a lien against the equity of redemption of Silva, but when Silva's interest was cut out by the foreclosure of the mortgage, Reader's lien fell with it, for it had nothing left to rest on. The purpose of section 6713 was simply to have the mortgagees in court so the facts necessary, could be found to determine whether section 6707 or 6711 applied, and to allow such persons to contest the mechanic's lien generally. But whether the mortgagee was brought in or not his mortgage would take precedence over the lien or be subject to it, as he came within the rule of section 6707 or fell within that of section 6711, and this is all that is necessary to determine in any case, and may be decided in any case to which all the persons in interest are parties. There is no question of estoppel in such a case. As hereinbefore

shown the mortgagee is not estopped by seeing the house built on the land on which he has a mortgage, because his mortgage applies only to the land, and he has no right to prevent the owner from building a house on it, and he owes no duty to the contractor, because, the mortgage being recorded, the contractor is charged with notice that there is a mortgage on the land, and with further notice that his lien will only apply to the house, and as to that the mortgagor knows he will have no claim until the mechanic's lien is paid. As to cases like this, where the mortgage covers the land and the house both, and the house is partially destroyed by fire, the mortgagee is powerless to prevent the owner from reconstructing it, and he knows the lien can not affect his mortgage, because the statute does not cover such a case, and therefore he has a right to rely upon the assumption that the contractor is doing the work of reconstruction on the credit of the equity of redemption and of the owner. The mortgagee is, therefore, under no obligation to the contractor to speak, and his silence can not prejudice his rights.

In this view of the case it is not necessary to discuss the other points relied on by the plaintiff. It results that the judgment of the circuit court must be affirmed. It is so ordered. All concur.