MOORE v. WOODRUFF, *Appellant.*

Division One, December 9, 1898.

1. Land Titles: PURCHASE AT TAX SALE. No purchaser at a sheriff's sale can thereby obtain an interest in the land he buys which was never claimed or owned by the defendant in the tax suit. He only buys the right, title and interest of such parties as are made defendants therein.

2. ———: ———: APPARENT OWNER: REAL OWNER: GOVERNMENT MAP. While the collector may resort to the plat book or government map, to ascertain the apparent owner of the land in bringing his suit for taxes, yet the title of the purchaser, at a sheriff's sale, of such apparent owner's interest, must yield to the title of the true owner who has obtained his government patent to the land since the institution of the suit.

3. Taxation: TITLE IN GOVERNMENT. So long as the title to land is in the Government, it is not subject to taxation by the county and State.

4. ———: APPARENT OWNER: MAP: DEED REGISTRY: TITLE IN GOVERNMENT. Although plaintiff may at a tax sale purchase the title of one who by the copy of the government map was the apparent owner, yet if by an examination of the deed registry of the county he could have discovered the falsity of the map, his sheriff's deed gives him no standing in court as against the true owner. Neither does it do so, if an examination of such deed registry would have disclosed the fact that at the time the tax suit was brought the title was in the Government, and hence that the land was not subject to taxation.

*Appeal from Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*W. N. Davis, S. Jennings* and *N. Gibbs* for appellant.

(1) The United States is the source of all title. The United States conveyed the land in controversy to the defendant by patent,—that patent was recorded in the office of the recorder of deeds of the county, in which the land was situated long prior to `plaintiff's pretended purchase. Defendant read that patent in evidence, and, never having parted with the title so conveyed to him, should have prevailed in the court below. (2) A back 'tax suit has no validity unless brought against the owner of the land, and a sale under a back tax judgment conveys only the title of the defendant in the suit. And conveys no other interest

except that which the defendant could himself convey, by deed. *Allen v. Wray*, 96 Mo. 547; *Graves v. Ewart*, 99 Mo. 17; *Chamberlain v. Blodget*, 96 Mo. 484; *Troyer v. Wood*, 96 Mo. 479; *Bartlett v. Kauder*, 97 Mo. 360; *Craper v. Bryson*, 26 Mo. 111. (3) Plaintiff purchased at a sheriff's sale, and the doctrine of *caveat emptor* applies. He was bound by the entire record. The deed records of the county showed that Curtis had no title, and that defendant had title, and the defendant was in actual possession. *Allen v. Wray*, 96 Mo. 547; *Tydings v. Pitcher*, 82 Mo. 385; *Mason v. Black*, 87 Mo. 341.

*Joe French* and *R. H. Davis* for respondent.

(1) The plat book was receivable in evidence to show title in plaintiff. *Payne v. Lott*, 90 Mo. 676; *Wilhite v. Barr*, 67 Mo. 285. (2) A senior patent will, where the issues are at law, prevail over a junior patent. *Cunningham v. Snow*, 82 Mo. 587.

ROBINSON, J.—This is an action in ejectment by respondent to recover from appellant the possession of the southeast quarter of the northwest quarter of section 7, township 27 of range 25 in Lawrence county, Missouri. The plaintiff claims title by virtue of a sheriff's deed to the land, under an execution sale on a judgment for taxes.

To sustain the issue on his part plaintiff offered in evidence the map of the tract book kept in the county clerk's office of Lawrence county (which is a certified copy of the tract book in the United States District Land office at Springfield, Missouri, in so far as the same relates to the lands lying within the boundaries of that county), in which it appeared that all of lot one of the northwest quarter of section 7 above-named had been patented to one James W. Curtis, March

25, 1872, on homestead certificate number 583. Plaintiff next read in evidence a sheriff's deed to himself of the property in controversy, made in virtue of a sale thereof February 16, 1894, on an execution issued on a judgment rendered in a suit instituted by the collector of Lawrence county on the —— day of ——, 1893, against one J. W. Curtis as the owner thereof, to enforce the lien of a certain tax bill against same for the year 1889. Plaintiff then offered testimony showing the value of the monthly rents and profits of the premises and that the defendant was in possession of same and rested his case.

The defendant, to overcome the *prima facie* case thus made against him, offered testimony tending to show that he made his application to homestead the land in suit and moved upon it in the year 1887, and had continuously resided thereon since that time up to the day of the trial of this cause in the circuit court; that he knew nothing of the tax proceedings against his land that resulted in its sale, at which plaintiff became the purchaser, until after the present suit of ejectment had been begun against him; and that on the fifteenth day of December, 1892, he obtained from the United States a patent to said land on his homestead application made therefor in the year 1887, and that he caused said patent to be recorded in the recorder's office of Lawrence county on the twenty-sixth day of April, 1893. Defendant's patent showing the last recited facts was then read in evidence to the court. Next the defendant read in evidence a patent from the United States to James W. Curtis for the north half of lot number 1 of the northwest quarter of section 7, township 27 of range 25, issued on homestead certificate number 583, bearing date March 25, 1872, that had been filed for record in the recorder's office of Law-

rence county since March 7, 1882. On the back of said patent also appears the following writing:

"GENERAL LAND OFFICE, WASHINGTON, D. C., Feby. 27, 1886.—This is to certify that the true areas of the W. ½, Lot 1, N. W. ¼ of Sec. 7, Tp. 27, N. R. 25 west, described in the within patent, is forty (40) acres as shown by the plat of survey in this office.

S. H. STOCKSTAGER,<br>Assistant Commissioner."

Upon these facts, which seem to be wholly undisputed by either party, the court rendered judgment in favor of the plaintiff for the possession of the property in suit, and that he have and recover of defendant the sum of one dollar for his damages and twenty dollars per month from the fifth day of March, 1895, until restitution of the premises is made, with costs of suit. Defendant then filed his motion for a new trial which, being overruled, the case was brought to this court on appeal. No declarations of law were given in behalf of either the plaintiff or the defendant to indicate the theory upon which the court tried the case to arrive at the judgment rendered; but under the facts, which are wholly undisputed, and which were practically treated as facts agreed, we know of no rule of law, if properly applied, that could be invoked to sustain the court's judgment. Counsel for respondent, however, contends now, in his brief filed herein, and presumably that was his contention below, as well as the reason for the action of the court thereon, that as the suit instituted by the collector of Lawrence county for the enforcement of the state and county's lien for the taxes of 1889 was begun against the party who appeared upon the record as the owner thereof, and that, as under the holding of this court in the case of *Payne v. Lott*, 90 Mo. 676, the purchaser at an

execution sale under the judgment on a tax bill, was protected in his purchase when, as in this case, it was shown that he purchased in ignorance of the rights and claim of the defendant, plaintiff herein must be sustained under his deed.   And, secondly, that a senior patent will prevail over a junior patent, to the same land, when the issue, as in this case, is one at law.

While this court has held, in the case of *Payne v. Lott*, cited by respondent, that the collector charged with the duty of suing the owner of land for delinquent taxes, may resort to the plat book required to be kept in the office of the county clerk, as well as the registry of deeds, for the purpose of ascertaining who is the apparent owner thereof, and that the purchaser at the execution sale based on such proceedings will be protected from the claim of the true owner of the land, that case must be read and understood in the light of the particular facts surrounding it, as also the case of *Vance v. Corrigan*, 78 Mo. 94, where this court also held, that the requirement of the statutes, that suits to enforce liens on lands for taxes must be brought against the owners thereof, had been met and fulfilled, when the proceedings was begun against the person who appeared from the record to be the owner, in the absence of notice of facts that such person is not the true owner.

Without regard, however, to the question as to who may or can be proceeded against to enforce the collection of delinquent taxes, or as to whether we consider the proceedings strictly *in rem* or otherwise, no one can obtain an interest in the land sold that the defendant in the tax suit never held or owned.   Here no question as to the protection of the registry act, in the interest of an innocent purchaser, can be raised to relieve against the force of the cardinal rule of justice and law, that only the right, title, interest and estate

of a party made defendant to a suit can be bound or
affected thereby. The facts in the case of *Payne v.
Lott* and *Vance v. Corrigan,* are all wanting in this
and though it properly may be said that the collector
might resort to the plat book or map on file in the
office of the county clerk to find the real or apparent
owner of land sought to be proceeded against for taxes,
and to determine therefrom whether the same was tax-
able by reason of its sale and disposition by the United
States, the facts there shown would not operate abso-
lutely and conclusively to divest the government of
title to said land, or serve to invest same in an apparent
owner thereof, so that a purchaser at an execution sale
for taxes on a judgment against him as such apparent
owner, on such record, would be protected against the
claim of the true owner who in fact had gotten his
patent from the government to the land in contro-
versy since the institution of the tax proceedings
under which he claims, and where in fact the title to
the land previous to the suit had always remained in
the government, and was not subject to taxation.

The certified copy of the tract book kept at the
United States District Land office at Springfield, that
had been sent to the county clerk of Lawrence county,
as it affected this particular piece of property, was
manifestly error on its face, as James W. Curtis could
not in his own right have homesteaded the whole of lot
1 of the northwest quarter of section 7, township 27,
of range 25, containing, as the tract book offered in
evidence showed, eighty acres, and not forty, the limit
of a homestead right.

Again, the deed registry of the county, which
parties must examine to ascertain the condition of the
title they desire to purchase, would have disclosed
the falsity of the description of the land homesteaded
by Curtis, under homestead certificate 583, as same

appeared on the map or plat book on file in the office of the county clerk, upon which the collector relied to ascertain the owner of the land for the purpose of instituting his suit for the delinquent taxes due thereon. The deed record would have disclosed to plaintiff these facts, had he examined same, all of which are fatal to his recovery here: *First*, that Curtis never owned the land in controversy, and that his patent covered only the north half of lot 1 of the northwest quarter of section 7 aforesaid, and not the whole of said lot 1 of the northwest quarter, as appeared in the certified copy of the tract book of the United States District Land office at Springfield, that had been sent to the county clerk of Lawrence county for filing there; *second*, that the title to the south half of lot 1 of the northwest quarter aforesaid, the land in controversy, was in defendant, by a patent from the Government, at the date of the sale of same by the sheriff; and, *third*, that at the time the taxes were levied and assessed against the land, and the tax suit begun to enforce the collection thereof, the title to the land was in the United States and the land was not then subject to taxation.

Respondent's second contention that a senior patent will prevail over a junior one, where the issue is at law, is also without merit. There are no facts in this case upon which to predicate the contention. Curtis never had a patent to the land in controversy, and the mere assumption on part of the collector, from the erroneous entry appearing in the plat book on file in the office of the county clerk, when he began his suit to enforce the collection of the apparent taxes due thereon, can by no process of reasoning operate to put the purchaser of such apparent title in the attitude of one holding through a patent as of date of the erroneous entry upon which the collector acted, so as to defeat the holder under a patent afterwards in fact

issued.   No senior patent to the one issued to defend-
ant, existed in this case on which could be predicated
an issue as to the merit of a senior over a junior patent.
The mere index to a thing has been given in this case
more force than the thing itself when actually found.

The judgment of the trial court is reversed and
cause remanded, for retrial.   BRACE, P. J.; WILLIAMS
and MARSHALL, JJ., concur.