UNITED IRON WORKS COMPANY, Plaintiff, v. SLEEPY-HOLLOW MINING AND DEVELOPMENT COMPANY et al., FOREST LUMBER COMPANY, (Appellant), OSCEOLA LEAD AND ZINC MINING COMPANY, (Respondent), Defendants.

Springfield Court of Appeals, November 13, 1917.

1. **MORTGAGES: Priorities: Mechanics' Liens.** A valid mortgage given by the owner of property constitutes a lien superior to liens arising under contract made by the mortgagor subsequent to such mortgage, and this applies to a subsequent mechanic's lien, though the value of the security was increased by the labor or material of the mechanic's lien claimant.

2. **CHATTEL MORTGAGES: Effect: Removal of Property.** Personal property, though subject to a chattel mortgage, may be moved at will by the mortgagor; such removal at most only subjecting the mortgagor to foreclosure.

3. ———: **Removal of Property: Lien.** The removal of personal property which was subject to a chattel mortgage to another locality and county will not destroy the mortgage lien or subordinate it to a subsequent one.

4. ———: **Priority: Mechanics' Liens.** As there are no provisions for the severing of subsequent additions or improvements in the case of mortgages on personalty or chattels real, so as to allow the enforcement of mechanics' liens only against the betterments or to the extent of the enhanced value, as are made by Revised Statutes 1909, secs. 8215, 8216, 8219, for the severance of improvements from land, one holding a chattel mortgage on a concentrating mill takes priority over a subsequent mechanic's lien claimant who performed labor and furnished material in the removal of the mill from one point to another, and its subsequent re-building, the structure as rebuilt preserving its identity with the original structure.

5. ———: **Priority: Mechanics' Liens: Equitable Estoppel.** In such case, the chattel mortgagee cannot be denied priority on the theory of estoppel or ratification of the contract with the mechanic's lien claimant merely because the chattel mortgage provided that the concentrating mill could be moved and rebuilt at another point, for, except for the provision prohibiting removal under penalty of foreclosure, the mortgagor was entitled to remove the mill, and the purpose of the clause was merely to identify the structure in its new and old locations.

Appeal from Newton County Circuit Court.—*Hon. Charles L. Henson,* Judge.

AFFIRMED.

*H. S. Miller* for appellant.

*George V. Farris* for respondent.

STURGIS, P. J.—This suit having various parties defendant was brought under section 8235A, Laws 1911, page 314, for the purpose of having determined the various rights, interests and liens of the various mechanic's lien claimant and claimants of other liens and owners with respect to a certain mining plant then situated on leased premises in Newton County, Missouri. The rights of all the parties, other than the Forest Lumber Co., appellant and the Osceola Lead and Zinc Mining Company, respondent, have been adjusted and this suit terminated as to them. The appellant, Forest Lumber Company, sought to enforce a mechanic's lien against said property and the respondent, the Osceola Company, resists the same

on the ground that a certain mortgage on said property was a valid prior lien thereon and that this respondent now owns said property as purchaser under said mortgage free from any such mechanic's lien. The appellant states and respondent concedes that the only question for decision on this appeal is whether or not the mechanic's lien of the appellant is prior in right to the mortgage lien and the the purchaser's title thereunder. The trial court held the mortgage lien to be prior to the mechanic's lien and entered judgment declaring the Osceola Company, respondent, to be owner of such property free from any rights of the Forest Lumber Company, appellant.

We may properly view this case as a contest between the mechanic's lien claimant and the mortgagee for priority of lien in which neither party questions the validity or amount of the other claimant's lien. The rights of these contending parties grow out of the following facts: The LeRoy Mining Company was owner of a certain mining plant and concentrating mill located on land in Jasper County, Missouri. On October 21, 1913, that company sold said mining plant as personalty to the Sleepy-Hollow Mining and Development Company. This purchasing company made a cash payment on the purchase price and gave a chattel mortgage of that date to the LeRoy Company, to secure the balance of the purchase price, in which the property is described as follows: "One concentrating mill which now is located on the Southwest quarter of the Northwest quarter of section 7, Township 27, Range 32, but will be immediately moved and rebuilt on the West half of the Southeast quarter of section 24, Township 27, Range 33, Newton County, Missouri, and agrees to keep said mill insured in some reliable fire and tornado insurance company for at least $800 to be payable in case of loss to the said J. F. Todd, Trustee of the LeRoy Mining Company." This chattel mortgage was properly filed and recorded in Jasper County where both the mortgagor and mortgagee resided. The mortgagor thereafter dismantled the mining plant and moved

it to and rebuilt it on the land in Newton County. It was moved by being torn down and loaded on wagons but being kept in sections so far as practicable. The lien claim of the appellant, Forest Lumber Company, is for lumber and material sold by it to the mortgagor and used in rebuilding the plant in Newton County. The question is, does the lien of this materialman take precedence over, or is it subordinate to, the mortgage lien already on this property? Default was made in the secured debt and the mortgage was lawfully foreclosed and respondent became the purchaser. The appellant says there is no question of innocent purchaser in the case, and we think this is true, since the appellant, constructively at least, had knowledge of the mortgage when it sold and furnished the material used in rebuilding the plant and the respondent when it purchased under the mortgage knew as did the mortgagor that the plant was to be and had been moved from Jasper County and that lienable work and material would be and had entered into its rebuilding.

There can be no doubt of the general rule that a valid mortgage given by the owner of property constitutes a valid lien thereon prior and superior to liens arising under contracts made by the mortgagor subsequent to such mortgage. [Jones on Chattel Mortgages (5 Ed.), sec. 478, 472; Hampton v. Seible, 58 Mo. App. 181; Stone v. Kelley, 59 Mo. App. 214; Vette v. Leonori, 42 Mo. App. 217, 224; McAdow v. Sturtevant, 41 Mo. App. 220, 230; Schulenburg v. Hayden, 146 Mo. 583, 591, 48 S. W. 472.] In 27 Cyc., p. 236, the law is stated as follows: "Where the property is subject to a mortgage at the time of the accrual of the mechanic's lien, such mortgage retains its priority and the mechanic's lien is postponed thereto, notwithstanding the fact that the value of the mortgage security is increased by the labor or material of the mechanic's lien claimant, or that the building is so changed that very little of the original structure remains."

The property mortgaged being personal property could be moved at will by the mortgagor, such re-

moval at most subjecting him to having the mortgage foreclosed; so that the lien of the mortgage having once attached, the subsequent removal of the property to another locality and county would in nowise destroy the mortgage lien or subordinate it to a subsequent lien. [McNichols v. Fry, 62 Mo. App. 13, 17; Jones on Chattel Mortgages, sec. 260.]

There is some conflict in the evidence as to the extent to which the mining plant was converted into raw material and lost its indentity in the process of removal; but the trial court was justified in finding that practically all the material and parts as it stood when the mortgage was given were used for a similar purpose in the rebuilt structure; that the mining plant was a complete structure as it stood in Jasper County and little or no change was made in rebuilding it; that it was the same size and on the same lines as rebuilt; that the mill was made of good material, and, while it could not be moved except to tear it down and haul it in wagons, yet it could be rebuilt without the use of very much new material. One witness said the lumber was the same in the rebuilt mill excepting the repairs; that some boards were broken or damaged in taking it down or lost in moving or reconstructing and these were replaced by new boards.

The appellant relies on a line of cases holding that where the mortgage covers a structure unfinished and incomplete at the time the mortgage is executed, then material and labor furnished to finish and complete the same afford the foundation for a prior lien. [Hall v. Manufacturing Co., 22 Mo. App. 33; Hall v. Mullanphy Planing Mill Co., 16 Mo. App. 454; Reed v. Lambertson, 53 Mo. App. 76, 79.] But the prior mortgage takes precedence over liens for repairs or for work or materials used in enlarging, remodeling or replacing parts of a completed structure. [Hall v. Planing Mill Co., 16 Mo. App. 454, 458; Haeussler v. Thomas, 4 Mo. App. 463, 467; Dugan v. Scott, 37 Mo. App. 663.]

If the present case should be decided on the above theory we must affirm the judgment, for the court was

justified in finding that the materials furnished were not to complete an unfinished improvement in process of construction when the mortgage was given. Had the mining plant remained at its location in Jasper County, being a completed plant at the time it was mortgaged, it is plain that the mortgagor could not by any sort of improvement create a lien superior to that of the mortgage.

All the above cases deal with real estate mortgages which cover buildings only because and when such buildings are a part of the real estate. Our Statutes, sections 8215, 8216, 8219, Revised Statutes 1909, have provided for the severance of the improvements from the land in certain cases where new improvements are made subsequent to the attachment of the mortgage lien on the land so as to give the mechanic's lien claimant a lien on the new building but where the property to which the mortgage lien originally attached is preserved. In the case of mortgages on chattels or chattels real, no provision is made for severing subsequent additions or improvements from the original and enforcing liens only against the betterments or to the extent of the enhanced value. This distinction is pointed out in Schulenberg v. Hayden, 146 Mo. 583. which case more clearly resembles this one in principle than the other above cited. In that case after the lien of a mortgage had attached to both the land and building, the building was largely destroyed by fire and rendered of little value. The mortgagor rebuilt and enlarged the former building, and the materialman who furnished materials used in rebuilding sought to enforce a mechanic's lien thereon. The court denied the right of the lien even on the rebuilt building, and pointed out that there was no statute giving a superior lien even to the extent of the enhanced value of the security and that mechanics' liens only take precedence of prior liens where the statute so provides. The court there states, page 596: "The conditions presented by the case at bar are not contemplated nor covered by either of those sections (sections 8215 and 8219, Revised Statutes 1909) and as the mechanic's

lien is a creature of the statute, and as the Legislature has not seen fit to make a law covering such conditions, the result is that the rights of the parties must be determined as of their contract rights. So measured, it follows that Silva had a right to give the mortgage to Bradford on both the land and the house. After the house was partially destroyed by fire, neither Silva nor Bradford were under any obligation to each other to restore or reconstruct it. Silva had a right to contract with Reader to reconstruct the house, but no act or contract beween them could impair, affect or postpone the rights of Bradford. Reader was entitled to a lien against the equity of redemption of Silva, but when Silva's interest was cut out by the foreclosure of the mortgage, Reader's lien fell with it, for it had nothing left to rest on."

Nor do we think there is any question of estoppel in this case or ratification by the mortgagee of the contract between the mortgagor and the mechanic's lien claimant. Appellant's claim in this respect is based on the fact that the mortgage contains the recital that the concentrating mill mortgaged is to be "moved and rebuilt" at another location. A reading of the mortgage shows that this is a recital in the description of the mortgaged property in that the mortgage covered property then located on a certain tract of land in Jasper County was about to be moved and rebuilt on a certain tract in Newton County. This mortgage was to secure a part of the purchase price and it is evident that the purchaser, the mortgagor, was desirous of having the privilege of moving the property to this other location and that the mortgagee was consenting to this and identified this property in both its old and new location. Except for a clause in the mortgage prohibiting a removal of the mortgaged property on penalty of foreclosure, the mortgagor would have the right to move it at will and this clause was a waiver of the nonremoval clause to that extent. The mortgagor remained the owner of the property subject only to the payment of the mortgage debt, and had a right to improve, rebuild or remodel

same without the mortgagee's consent so long as he did not impair the security. As said in the Schulenburg case (supra), 146 Mo. 597: "As to cases like this where the mortgage covers the land and house both, and the house is partially destroyed by fire, the mortgagee is powerless to prevent the owner from reconstructing it, and he knows the lien cannot affect his mortgage, because the statute does not cover such a case, and therefore he has a right to rely upon the assumption that the contractor is doing the work of reconstruction on the credit of the equity of redemption and of the owner. The mortgagee is, therefore, under no obligation to the contractor to speak, and his silence cannot prejudice his rights."

The present case differs from Dougherty-Moss Lumber Co. v. Churchill, 114 Mo. App. 578, 90 S. W. 405; and Hardware Co. v. Churchill, 126 Mo. App. 462, 104 S. W. 476; for in those cases the lessor and *owner of the fee* not only consented but obligated the lessee to make improvements for the lessor's benefit. The same distinction exists in O'Leary v. Roe, 45 Mo. App. 567, and in Price v. Merritt, 55 Mo. App. 640. Persons having nothing but liens on property whose ownership is in another should not be held to have subordinated such liens to subsequent incumbrances by such owner unless he has clearly so contracted.

The judgment of the trial court will be affirmed. *Farrington* and *Bradley, JJ.,* concur.