DOELLNER, Respondent, *vs.* Rogers, Appellant.

1. The new code of practice does not abolish the proceeding by *scire facias* to enforce a mechanic's lien.

*Appeal from St. Louis Circuit Court.*

*C. C. Whittelsey*, for appellant, insisted that the new code of practice abolishes the writ of *scire facias*, as a remedy to enforce a mechanic's lien. He based his argument upon article one, section one ; article five, section one ; article six, section one ; article seven, section two, and article thirty, section four. This writ does not come within the exceptions in article thirty, section six.

*Reynolds & Taussig*, for respondent.

The writ of *scire facias* has not been abolished by statute, but, on the contrary, is expressly preserved in article thirty, section six, of the new code. It is preserved by name as *scire facias*, and as a "special statutory remedy not heretofore obtained by action or bill in equity."

The appellant is too late with his objections, after verdict and judgment. Rev. Code, 1845, tit. Jeofails, sections seven and eight ; article six, section six, new code.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding under the statute concerning mechanics' liens, to enforce a claim against a building. The only question presented by the record is, whether the remedy by *scire facias* given by the lien law is taken away by the late code of practice.

The sixth section of the thirtieth article of the late act concerning proceedings in courts of justice enacts, that until the legislature shall otherwise provide, this act shall not affect proceedings upon *mandamus, quo warranto*, prohibition, information, *scire facias* to repeal letters patent, nor to any special statutory remedy not heretofore obtained by action or bill in equity. The lien created in favor of mechanics, and its mode

of enforcement, are both mere creatures of the statute. They have no common law authority whatever on which they can stand. It is true that the writ of *scire facias* was known to the common law, but its application to purposes mentioned in the lien law was unheard of. We are of opinion, that the code never contemplated that the proceedings under the lien law should be affected by any of its provisions.

The other Judges concurring, the judgment will be affirmed.