EDWARD FORCHT *et al.*, Plaintiffs in Error, *v.* W. L. SHORT *et al.*, Defendants in Error.

1. *Mechanics' lien — Limitation of actions.* — The law limiting the time for commencement of suit after filing the account under mechanics' lien, which was in force at the time of beginning such suit, must prevail over such law of limitation which prevailed at the time of filing the account. (Hauser v. Hoffman, 32 Mo. 334, affirmed.)

Forcht et al. v. Short et al.

*Error to Fourth District Court.*

*Jones & Brock*, for plaintiffs in error.

*Williams & Eberman*, for defendants in error.

The plaintiffs in error should have brought their action within ninety days from the first day of August, 1866, and, failing so to do, they lost their lien. (Gen. Stat. 1865, p. 883, § 4; 32 Mo. 334; Stocking *et al.* v. Hunt, 3 Denio, 274.) Statutes of limitation act exclusively upon the remedy. (Jackson v. Lamphire, 3 Pet. 280; Rexford v. Knight, 11 N. Y. 308; Waltemire v. Westman, 14 N. Y. 20; Strong v. Crowninshield, 4 Wheat. 122; Hawkins v. Goold, 11 N. Y. 281.)

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding to enforce a mechanics' lien. It appears from the record that the account sued on, and which constituted the foundation of the lien, accrued on and prior to the first day of December, 1865; that the lien was filed February 24, 1866; and that this suit was commenced November 15, 1866, less than nine months after the filing of the lien, and more than ninety days after the General Statutes took effect—that is, more than ninety days after August 1, 1866. By the general law in force prior to August 1, 1866, lienors were allowed nine months after the filing of the lien in which to bring suit; by the General Statutes the time was limited to ninety days. (Gen. Stat. 1865, p. 767, § 16.)

The case presents the single question whether the prior law or the General Statutes determines the time within which the suit must be brought in order to save the lien. The question is definitely settled by a decision of this court in Hauser v. Hoffman, 32 Mo. 335, where it is decided that the subsequent law must control. In Dollner v. Rogers, 16 Mo. 340, Judge Scott says: "The lien created in favor of mechanics and its mode of enforcement are both mere creatures of the statute. They have no common-law authority whatever on which to stand."

The judgment must be affirmed. The other judges concur.