G. O. Hall et al., Plaintiffs, Appellants, *v.* Mullan-phy Planing Mill Company et al., Defendants, Appellants.

### February 10, 1885.

1. Practice — Special Verdict — Judgment. — A special verdict of a jury which is responsive to the issue, is conclusive upon the court until it is set aside, and the court can not ignore such a verdict, make a different finding, and enter a judgment thereon.

2. —— Appellate courts, in reversing such a judgment, can not enter an original judgment on the special verdict, but must remand the cause.

3. —— Appellate courts can vacate judgments entered in common law and statutory causes, for legal errors only.

4. Mechanic's Liens — Machinery — Mortgages — Priority of Liens. — In so far as machinery furnished for a building of which it becomes a part enters into the completion of an unfinished building, the lien therefor, so far as the building is concerned takes precedence over a prior mortgage.

5. —— After Acquired Property. — A mortgage of after acquired property operates only by way of equitable estoppel, and is effective only as against the mortgageor and his privies in contract. It can attach to such property only in the condition in which it comes into the mortgageor's possession, and if the lien of a mechanic has them attached to it, such lien is entitled to priority over the mortgage.

Appeal from the St. Louis Circuit Court, Barclay, J, *Reversed and remanded.*

W. B. Thompson, for the plaintiffs: The construction of the building was such that all the machinery attached to it constitute fixtures for the furnishing of which a lien exists under the mechanic's lien law of the state. — Rev. Stats., sect. 3175; *Smith* v. *Phelps*, 63 Mo. 585; *Rodgers* v.

*Crow,* 40 Mo. 91; *Fleitze* v. *Veakery,* 3 Mo. App. 593; *Seibal* v. *Siemon,* 52 Mo. 363; *O'Brien* v. *Hanson,* 9 Mo. App. 545; *Todd* v. *Duncan,* 9 Mo. App. 417; *Kansas City Hotel Company* v. *Sauer,* 65 Mo. 288. The machinery was necessary to the completion of the building. — *Gray* v. *Holdship,* 17 S. & R. 313; Overton on Liens, sect. 545; *McGreary* v. *Osborne,* 9 Cal. 119; Ph. on Liens, sect. 177; *Goodin* v. *Elleardsville Hall,* 5 Mo. App. 289. The lien of the mechanic on an unfinished building is superior to that of a mortgage. — Rev. Stats., sect. 3174; *Reilly* v. *Hudson,* 64 Mo. 383; *Jones* v. *Swan,* 21 Iowa, 181; *Welgore* v. *Valentine,* 3 Col. 255; *Presbyterian Church* v. *Allison,* 10 Pa. St. 413; *Bailey* v. *Hull,* 11 Wis. 289,

G. M. STEWART and R. SCHULENBURG, for the defendants.

ROMBAUER, J., delivered the opinion of the court.

No theory is conceivable upon which the judgment of the trial court can be sustained in the absence of consent of all the parties.

The action was one upon an account against the Mullanphy Plaining Mill Company, for which a mechanic's lien had been filed. The lien was sought to be enforced against certain property for materials and machinery furnished. The mill company owned the equity of redemption in the property when the articles were furnished; but its equity had been foreclosed by public sale under the provisions of its trust deed, subsequent to the date when the articles were furnished, and the account of the plaintiff was filed as a lien, and prior to the trial of the cause. The manufacturing company was the owner of the property at the date of the trial, having acquired it from the purchaser at trustee's sale. These facts appeared by the pleading, and there was no controversy concerning them, nor was there any substantial controversy concerning the indebtedness of the mill

company to the plaintiffs upon the account. The question litigated between the plaintiffs and the manufacturing company was, whether the plaintiffs were entitled to have any part of their account enforced against the property as a lien, and, if so, what part?

Upon the trial of the cause certain issues were submitted to the jury, by consent of parties, upon questions framed, the parties waiving a jury as to all other issues, and submitting it to the court on the evidence and findings made by the jury.

One of the questions submitted to the jury was : —

" 1st. For what amount, if any, of new machinery furnished by plaintiffs and sued for herein are they entitled to, as a mechanic's lien under the instructions given?"

In answer to this question the jury returned a verdict as follows : —

1st. (enumerating items) " Balance, $1,475."

Upon the filing of the verdict the plaintiffs moved for judgment upon the verdict, and the defendants for a new trial.

These motions were continued for several terms, and never formally disposed of ; but subsequently the court, without any retrial of the cause, made a judgment in the case, purporting to be founded on evidence and proofs adduced and the verdict of the jury in the cause, finding for the plaintiffs against the mill company for $1,850.61; and finding further, that they were entitled to a lien against the property for $895.70.

The plaintiffs, as well as the manufacturing company, excepted to this judgment, and upon the court overruling their motions for new trial both appealed.

The action of the trial court, in entering a judgment, which was not in conformity with the verdict of the jury, was unwarranted.

When a verdict finds the facts responsive to the issues, and on which a judgment can be entered, the functions of

the jury cease, and it is the duty of the court to enter judgment in conformity with the verdict. The verdict is conclusive on the court until set aside. *Cochran* v. *Moore,* 10 Mo. 417, 418; *Moore* v. *Winter,* 27 Mo. 380.

We are requested by plaintiffs appellants, to do now what the trial court should have done, and enter a judgment in conformity with the verdict of the jury. This we could not do, even if satisfied that the verdict of the jury was supported by the testimony, because the functions of this court and of the trial court are essentially different. This court can enter judgments only upon unquestioned facts, in exercising its appellate jurisdiction in common-law or statutory causes, and can vacate the judgments in such causes for legal errors only. All questions which affect the validity of verdicts, as dependent on the weight of testimony must be addressed to the trial court. The trial court in disregarding the verdict of the jury, although its action was informal and unwarranted by precedent, has in effect declared, that the verdict was not supported by the weight of evidence, under the instructions of the court. The plaintiffs were satisfied with the verdict and moved for judgment upon it, the manufacturing company defendant, moved to set the verdict aside. If we reverse the judgment and remand the cause for trial it will stand in the same position, as if the defendants' motion to vacate the verdict, and for a new trial had been sustained.

The amount of the mill company's indebtedness to plaintiffs is conceded. The only question, therefore, which we ought to consider, is whether the plaintiffs are, under the pleadings and evidence, debarred from any right of lien. If so they can get no more by remanding the cause, than what we can give them, a general judgment against the mill company, and our remanding the cause would subserve no useful end.

On that branch of the cause, the defendant appellant, claims that under the mechanic's lien law of the state, the

plaintiffs are entitled to no lien, because the machinery and materials were furnished by them at a time when the property of the mill company, sought to be charged with the lien, was subject to the prior lien of the deed of trust, which has since been foreclosed by sale. That such deeds of trust covered not only the machinery in the mill at the date of its execution, but also by its terms all that " may hereafter be on said premises and said building or elsewhere as the property of said Mullanphy Planing Mill Company."

Our statute concerning mechanics' liens gives no lien on machinery furnished, but gives a lien for machinery furnished on the building of which it has become a part. *Collins* v. *Mott*, 45 Mo. 102. This, lien, as far as the building is concerned, is entitled to preference over a mortgage which was on the premises prior to the time when the machinery was furnished (Rev. Stats. 1879, sect. 3174), only to the extent, however, to which the machinery thus furnished enters into the completion of an uncompleted structure. As against the prior mortgagee the material-man or contractor is not entitled to any lien for repairs. *Haeussler* v. *Thomas*, 4 Mo. App. 467.

In this cause there was evidence tending to show that part at least of the machinery furnished by plaintiffs was furnished for completing the mill, and became attached thereto as part thereof, and it was proper for the court to take the opinion of the jury as to what part was so furnished, because to the extent of the part so furnished the plaintiffs were entitled to a lien against the mill building. It was in his endeavor to separate the items which became part of the building, from those that did not, that the judge of the trial court fell into the error of rendering a judgment, warranted perhaps by the evidence and the law, but unwarranted by the verdict of the jury.

Nor can the manufacturing company claim any greater rights than it otherwise would have, owing to the clause in

the deed of trust covering after-acquired property. A mortgage on after-acquired property operates only by way of equitable estoppel, and is effectual only against the mortgageor and his privies in contract. It can attach to such property only in the condition in which it comes into the morgageor's possession. Jones on Mortg., sect. 158; *Fosdick* v. *Schall*, 99 U. S. 251; *Myer* v. *Car Co.*, 102 U. S. 10. The lien of a mechanic is a creature of the statute, and can not be conferred by contract, nor taken away by contract between third parties. If plaintiffs are entitled to any lien at all they are entitled to it on the ground that their lien attached to the building when they furnished the machinery, and that the property came into possession of the mill company charged with their right of lien.

Not being prepared to say that the plaintiffs under the evidence are not entitled to a lien as a matter of law, we must remand the cause for further proceedings. Costs of appeals to abide final results.

Judgment reversed and cause remanded. All the judges concur.