JOSEPH B. REED, Appellant, v. JAMES LAMBERTSON *et al.*, Respondents.

St. Louis Court of Appeals, February 14, 1893.

Mechanics' Liens: PRIORITY OF MORTGAGE. A mechanics' lien for repairs will not, even as to the building upon which the repairs are made, take precedence over a mortgage upon the land, executed and recorded prior to the erection of the building; but a distinction in this respect is drawn between a mechanics' lien for repairs and one for work done in or materials furnished for the construction of the building.

*Appeal from the Stoddard Circuit Court.*—HON. H. N. PHILLIPS, Special Judge.

AFFIRMED.

*J. J. Russell*, for appellant.

The courts however in construing the statute as affecting the question of the priority of a mortgage lien and a mechanics' lien, attaching subsequently to the date of the mortgage, seem to have made a distinction between erecting and repairing a building completed at the date of the mortgage. *Haeussler v. Thomas*, 4 Mo. App. 463; *Hall v. Mullanphy*, 16 Mo. App. 454. In this case, at the date Bedford took his mortgage, there was no sawmill, nor any part of one, nor any of the said improvements on this land, but all were subsequently erected. All the authorities hold that in such cases a lien for erecting a building would have priority over the pre-existing mortgage, and there is neither justice nor logic in a distinction between subsequently erecting a building and repairing a building subsequently erected. We contend that, under the statute and the other authorities, appellant should have

a lien on the mill and building of which his material became a part. Revised Statutes, 1889, sec. 6707; *McAdow v. Sturtevant*, 41 Mo. App. 220.

*J. L. Fort*, for respondents.

BIGGS, J.—Concerning the facts in this case there is no controversy. On the seventeenth day of June, 1889, one Bedford sold to the defendants, Lambertson and Dorman, a tract of land in Stoddard county, and to secure a portion of the purchase money they immediately reconveyed the land to Bedford by mortgage with power of sale. The mortgage was duly recorded. After the purchase Lambertson and Dorman erected a sawmill and building on the land. The mill and building were completed and the mill in operation for some time prior to September 12, 1890. Commencing on that day, the plaintiff sold to Lambertson and Dorman various articles which were used in repairing the mill. Within the time required by law the plaintiff filed a sufficient lien paper with the clerk of the circuit court of the county, containing a list of the articles sold and the prices, and also a description of the land on which the mill was located to the extent of one acre. In the present action the plaintiff sought to enforce his mechanics' lien against the building and one acre of land. While the suit was pending, the land was sold under the mortgage to the defendants, J. N. Miller, F. M. Ladd and A. H. Carter, who were afterwards on their own motion made parties defendant. In their answer they denied the existence of plaintiff's lien as against their title as purchasers of the equity of redemption.

The cause was submitted to the court without the intervention of a jury. The court at the instance of the defendants gave the following declaration of law:

"The court declares the law to be, that all improvements erected on the mortgaged premises by the mortgagors, and all fixtures attached thereto by the mortgagors, became the property of the mortgagee for the payment of his debt, and, if the mortgaged property is sold under the mortgage, they become the property of the purchaser. Hence, if the court shall find from the evidence in this cause that Bedford had a mortgage upon the land described in plaintiff's petition, and that the mortgagors were Lambertson and Dorman; that Lambertson and Dorman erected the building, mill and machinery described in plaintiff's petition on said land before the twelfth day of September, 1890, and that the materials sued for by plaintiff were used in repairing said building, machinery and mill, after that date, and not otherwise, and that on the second day of November, 1891, said Bedford as mortgagee sold said premises under his said mortgage, and that at said sale Miller, Ladd & Co. purchased said premises, then the finding will be that there is no lien on said property as against said Miller, Ladd & Co."

Thereupon the court gave judgment against Lambertson and Dorman for the amount sued for, but refused to make it a lien on the building. The plaintiff on this appeal concedes that he is not entitled to enforce his lien against the land as against the purchasers of the equity of redemption, but he insists that he is entitled to a lien on the building.

Controversies of the kind we have here are of frequent occurrence. In the case of *Haeussler v. Thomas*, 4 Mo. App. 463, the mechanic did work, in repairing houses which were on the land when the deed of trust was given under which Haeussler purchased. The court decided that, as against a prior mortgagee, a

materialman or contractor was not entitled to a lien
·for *repairs*.

So, in *Dugan v. Scott*, 37 Mo. App. 663, the lien of
·the mechanic was for repairs on buildings which were
·in existence and were covered by a prior mortgage on
·the land. It ·was likewise held by the Kansas City
·Court of Appeals that the lien was subordinate to that
·of the existing mortgage.

In the case of *Hall v. Planing Mill Co.*, 16 Mo.
App. 454, it appeared that a portion of the materials
·embraced in the mechanics' lien was furnished *in the completion* of a building situated on the mortgaged premises. In a contest between the materialman and the
·prior mortgagee, the court held that, as to the articles
·furnished for the *completion* of the improvement, the
mechanics' lien as to the building was the superior
·one.

In the subsequent case of *Hall v. Mfg. Co.*, 22 Mo.
App. 33, which presented a similar state of facts, the
·same principle was adhered to.

In *McAdow v. Sturtevant*, 41 Mo App. 220, the
·mantels which were mentioned in the lien paper were
·furnished under a contract, which had been entered
into with the owner after the latter had incumbered
the property by a deed of trust. In fact the entire
improvement was made after the execution of the deed
of trust. It was held that the plaintiff's lien for the·
mantels as to the building was enforceable as against a
purchaser under the deed of trust. The court proceeded on the theory that the work was necessary to
the *completion* of the house.

It will be observed that in all the cases cited the lien
of the mechanic was held to be superior to that of a prior
incumbrancer, whenever it appeared that the work
done or material furnished was for the *completion* of a

building; but, if it was merely for the purpose of *repairing* a building already completed, then the lien of the prior incumbrancer was given the priority. The reason for the distinction is thus stated by Judge HAYDEN in the case of *Haeussler v. Thomas, supra:* "The rule as to buildings once completed, and labor and materials furnished for their original completion, the statute provides. For such labor and materials a mechanic's lien is given, which attaches to the buildings thus created in preference to the lien of the mortgagee of the land. But a mortgagee who has paid his money for a lien on buildings cannot be required to abandon his lien as against the lien claim of a mechanic who subsequently puts repairs on the buildings, because no means are afforded for separating the two interests in the building, and because, as between the mortgagee and the lienholder, the rights of the former were vested before those of the latter came into being. In case of the mechanic who merely makes subsequent repairs, it would require a fiction to carry the lien back. Its inception can only date from the time the repairs are made. But, in case of the mechanic who contributes to the original completion of the improvement, the lien arises contemporaneously with the property on which it rests." This statement of the law is supported by the legal principle, which is fundamental, that a valid and subsisting lien on property cannot be displaced in the absence of evidence of an agreement by the lienor, or of circumstances which would preclude him from enforcing it according to its priority.

Now, in the case at bar, it is conceded that the building was completed and the mill in operation for some time before the plaintiff furnished any of the items of his account. The articles were used in repairing the mill. At the time they were furnished the lien

of the Bedford mortgage had attached to the improvements. Under the law and these facts, it is clear that plaintiff's lien was subordinate to that of the mortgage. Hence, the defendant's instruction was correct, and the judgment could not have been otherwise.

The judgment of the circuit court will be affirmed. All the judges concur.