ELLIOTT & BARRY ENGINEERING COMPANY, Appellant, v. BAKER et al., Respondents.

St. Louis Court of Appeals, December 1, 1908.

1. MECHANICS' LIENS: Fixtures: Mortgages: Priority. In determining the question of priority between a deed of trust and a mechanic's lien for improvement made after the deed of trust was filed, the test is whether the work and material were done and furnished in the completion of the building or in making repairs on one already finished when the incumbrance was taken. If the material was furnished in completing

the building, it would have priority over the incumbrance, but if the material was furnished in making repairs on a building already completed, the deed of trust will have priority over the lien.

2. ———: ———: ———: ———. Where a heating apparatus was installed in a building to replace another which had worn out, a mechanic's lien would be postponed to deeds of trust which were on the building at the time the apparatus was installed.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow*, Judge.

AFFIRMED.

*Kent Koerner* and *W. K. Koerner* for appellant.

(1) The statute relating to mechanic's liens is highly remedial to its nature and should receive a liberal construction in favor of the lienor. DeWitt v. Smith, 63 Mo. 263; Waldon v. Robertson, 120 Mo. 38; Hicks v. Scofield, 121 Mo. 381; O'Shea v. O'Shea, 91 Mo. App. 221. (2) A mortgage or other lien prior in point of time, to a mechanic's lien, has priority over such mechanic's lien as to the property which was in existence and covered by the mortgage at the time it was executed, and as to all repairs thereto; but a mechanic's lien for a new and independent improvement, although subsequent in point of time, has priority as to such new improvement. Holland v. Cunliffe, 96 Mo. App. 67; Lumber Co. v. Clark, 172 Mo. 588, 82 Mo. App. 225; Deatherage v. Sheidley, 50 Mo. App. 490; Lumber Co. v. Stepp, 157 Mo. 366; Schulenberg v. Hayden, 146 Mo. 595; Dugan v. Scott, 37 Mo. App. 663. (3) A mechanic's lien attaches for the installation of a heating apparatus intended for the ordinary and permanent purposes of a building. Cooke v. McNeil, 49 Mo. App. 81; Sosman v. Conlon, 57 Mo. App. 25; Reilly v. Hudson, 62 Mo. 383.

*John C. Vaughan* for respondent Mary G. Wall.

A mortgage on property with a completed building thereon takes priority over mechanics' liens for repairs, replacements or additions subsequently furnished for such building. Schulenberg v. Hayden, 146 Mo. App. 583; Reed v. Lambertson, 53 Mo. App. 79; Dugan v. Scott, 37 Mo. App. 663. The word "improvements" used in our statute means an independent structure on the land, not an addition to an existing building. Haeussler v. Thomas, 4 Mo. App. 468; Equitable Insurance Co. v. Slye, 45 Iowa 618; Getchell v. Allen, 34 Iowa 559. Our statute gives no lien on additions or machinery furnished, but gives a lien for machinery furnished on the building of which it has become a part. Hall v. Mullanphy Co., 16 Mo. App. 458; Collins v. Mott, 45 Mo. 102; Hall v. St. Louis M'fg. Co., 22 Mo. App. 38. A lien for subsequent additions to an existing building is subject to a prior mortgage, even though the additions may be readily identified and removed.

GOODE, J.—In July, 1906, respondent Ella M. Baker owned a house and lot in St. Louis, but incumbered by two deeds of trust, executed May 15, 1906; one for a large amount. Prior to the trial the second deed of trust had been foreclosed and the property passed to the purchaser at the foreclosure sale. On July 18th of said year, Ella M. Baker engaged appellant, a corporation, to install in her residence a hot water heating apparatus in lieu of a hot air furnace, agreeing to pay $635 for the work. Appellant was to furnish the apparatus necessary for heating by hot water, including a boiler to be placed in the basement, and coils and radiators leading from it to the different rooms. The heating plant was installed and the evidence inclines to prove it could be taken out without further damage to the building than leaving holes in

the floors where pipes ran through. The present action was instituted to enforce a mechanic's lien against the property and the beneficiaries and trustees in the two deeds of trust are parties. There is no dispute about the facts. Appellant asked the court to declare that if, sitting as a jury, it found the heating apparatus was intended and designed for ordinary use in the building, forming an integral part thereof, then, under the evidence and the agreed facts, appellant was entitled to a mechanic's lien against the land, building and premises; and if the court further found the heating apparatus was an entirely new and independent improvement, and could be removed from the premises without damage to them, appellant's lien was entitled to priority over the liens of the deeds of trust; that respondent could have said apparatus sold to satisfy its lien and the purchaser might detach and remove the same from the building. The court refused this declaration and gave the deeds of trust preference over appellant's demand, which ruling is assigned for error. The point in contention between the parties is this: appellant says the heating apparatus is a distinct and independent improvement, against which it is entitled to have a lien declared in priority to the liens of the two deeds of trust of earlier date than the inception of appellant's work; whereas respondent contends to the contrary.

Whether the material of which an improvement in a building is composed can be taken out of the building without substantial damage, is not the criterion prescribed in the cases for determining the question of the priority between an incumbrancer whose deed of trust was on the property when the improvement was made, and the person seeking a lien; or at any rate, not the only criterion. The test of precedence is whether the work and material were done and furnished in the completion of the building, or in making repairs on one already finished when the incumbrance was taken. In the former contingency the lien will have preference as

to the building, over the incumbrance, because to do so will not impair the security on which the incumbrancer relied; whereas in the latter contingency, the incumbrance will have the preference, because, otherwise, the incumbrancer might be deprived in favor of lienors, of part of the security he counted on, by repairs made without his consent. This subject has been considered frequently by our appellate courts and the rule prescribed as we have stated it. [Haeussler v. Thomas, 4 Mo. App. 463; Hall v. Mullanphy Co., 16 Mo. App. 454; Id., 22 Mo. App. 33; Dugan v. Scott, 37 Mo. App. 663; Reed v. Lambertson, 53 Mo. App. 76; Schulenberg v. Hayden, 146 Mo. 583.] A deed of trust gives the beneficiary security, not only on the ground conveyed, but also on a tenement standing on it; and the security on the tenement will not be displaced in favor of a later materialman who improves or repairs the building. The case of the erection of a new and distinct structure on the ground stands on a different footing; as, it seems, do work and material done and furnished in completing a structure which was unfinished when a mortgage was taken. Appellant invokes sections 4204 and 4205 of the Statutes of 1899, of which the first says the lien shall affect the property to the extent of the interest of the person for whose benefit the labor was done or the material furnished; and the second, that the lien shall attach to the building, erection or improvement for which material was furnished or work done, in preference to any prior lien, incumbrance or mortgage on the land on which the building, erection, improvement or machinery was erected; and any person enforcing the lien may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time. The opinions we have cited interpret those statutes, and we especially refer to the opinion in Haeussler v. Thomas, as not only the pioneer decision on the question, but also the most luminous and instructive. The law gave no lien to ap-

pellant on the heating apparatus itself, but gave a lien on the property for the value of the apparatus. [Hall v. Mullanphy Co., 16 Mo. App. 454; Id., 22 Mo. App. 33.] This lien on the property, including the apparatus, was subject to the two deeds of trust, unless it can be said the apparatus was either a distinct improvement and not a part of the building, or was put in to complete the building instead of repair it. The apparatus when installed was an integral part of the building and intended to contribute toward its comfort and utility in its primary use as a residence. [Cooke v. McNeil, 49 Mo. App. 81.] It is equally clear the apparatus was not installed to complete an otherwise incomplete building, because the building had been finished and was in use with a hot air heating apparatus long before, and the deeds of trust were prior liens on the building, including the hot air furnace, for which appellant's apparatus was substituted. It cannot be said with propriety that the hot water system of boiler and pipes was a distinct structure, or, as appellant's counsel say, "in itself an entity," or that it was put in to complete the building instead of repair it. The word "repair" in the decisions on this question, signifies articles used to replace others which are worn out or unsatisfactory, as well as repairs in the sense of patchwork on decayed or worn parts of a building.

The judgment is affirmed. All concur.