Jack COOMES d/b/a Jack Coomes
Commercial and Steel,
Appellant,

v.

SLATER DEVELOPMENT
CORPORATION,
Respondent,

Nick Scurra d/b/a Consumer
Homebuilders,
Respondent.

No. WD 58155.

Missouri Court of Appeals,
Western District.

Jan. 23, 2001.

Jo Annette Jacobs, Marshall, for appellant.

George Lee Stafford, Slater, for respondent Slater Development.

Robert E. Harris, Warrensburg, for respondent Scurra.

Before HOLLIGER, P.J., LOWENSTEIN, and NEWTON, JJ.

NEWTON, Judge.

## I. Factual and Procedural Background

Slater Development Corporation (SDC) owned a parcel of real property located in Saline County, Missouri, and entered into a contract with Nick Scurra (Scurra), who was to serve as the general contractor in a commercial construction project to build a discount store known as Place's. Mr. Coomes, a subcontractor, entered into a contract with ʻScurra on February 4, 1998, to erect a steel building for Place's. The contract price was set at approximately $97,000.00 for the completion of the building. Mr. Coomes provided the labor and material and brought the building to par-

tial completion when Scurra terminated the relationship. Mr. Coomes was unable to complete the project. Neither Scurra nor SDC paid Mr. Coomes for any of the labor or materials. Mr. Coomes estimated that the value of the labor and materials provided were worth approximately $27,044.00.

Mr. Coomes then provided notice to SDC of his intent to file a statement of mechanic's lien on August 26, 1998. He filed his statement of mechanic's lien, which contained a legal description of the property, with the circuit clerk in Saline County. The lien also included a statement of account attached as an exhibit. Mr. Coomes then filed his petition to enforce the lien on December 2, 1998. SDC filed a motion to dismiss the petition on December 23, 1998, and Scurra filed his motion to dismiss on March 18, 1999.

The trial court sustained Scurra's motion to dismiss on November 17, 1999, because the petition failed to list a statement of account, and it did not incorporate the statement of mechanic's lien by reference. The trial court concluded that the petition failed to state sufficient facts giving rise to a cause of action. SDC filed a second motion to dismiss thereafter, and on December 8, 1999, the trial court sustained SDC's motion to dismiss on the same grounds. In the meantime, on December 3, 1999, before the trial court entered judgment in favor of SDC, Mr. Coomes filed a motion for leave to amend the petition to cure the deficiencies as outlined in the trial court's judgment in favor of Scurra. The court did not rule on Mr. Coomes' motion for leave to amend his petition.

Mr. Coomes appeals the dismissal of his petition to enforce the mechanic's lien. He raises three points on appeal. First, he alleges that the trial court erred in dismissing his petition and in failing to grant leave to amend it because his failure to include an itemized statement of account in the petition could be easily rectified, he made a timely request for leave to amend, and the trial court is required to grant leave freely. Next, he argues that the trial court erred in dismissing the petition for failure to state a cause of action because there is no legal authority to support the court's conclusion that the mechanic's lien statement must be incorporated by reference in the petition and the petition sufficiently invoked the appropriate law and put respondents on notice as to what he would prove at trial. Finally, Mr. Coomes contends that according to the statute, his petition alleged the necessary facts for him to secure his lien in that (1) he alleged a mechanic's lien was an appropriate remedy for him; (2) he identified himself as a subcontractor; (3) he described the preconditions for enforcement that he had met including filing a just and true account of the demand and a description of the property to be charged; and (4) he gave timely notice of his claim to the property owner.

## II. Standard of Review

We review a motion to dismiss for failure to give rise to a cause of action by testing the adequacy of the plaintiff's petition.[1] In doing so, we assume that all of plaintiff's averments are true, and liberally grant plaintiff all reasonable inferences therefrom.[2] The petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case, and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive.[3]

## III. Legal Analysis

Mechanic's lien law is purely a

1. *Eastwood v. North Cent. Missouri Drug Task Force,* 15 S.W.3d 65, 67 (Mo.App. W.D.2000) (*citing Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993)).

2. *Id.*

3. *Id.*

creature of statute,[4] and designed "to give security to mechanics and materialmen for labor and material furnished in improving the owner's property. The law should be construed as favorably to those persons as its terms will permit."[5] Chapter 429 governs mechanics liens.[6] Section 429.010 controls who may assert a mechanic's lien and states in pertinent part:

> Any person who shall do or perform any work or labor upon, or furnish any material, fixtures ... for any building, erection or improvement upon land, ... or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, ... upon complying with sections 429.010 to 429.340, shall have for his work or labor done, or materials, fixtures, engine, ... a lien upon such building, erection or improvements, and upon the land belonging to such owner or proprietor on which the same are situated, to the extent of three acres.

Since Mr. Coomes is a subcontractor, who performed services under a contract with Scurra, § 429.010 allows him to assert a mechanic's lien to recover for his labor and materials.

Next, § 429.080 requires Mr. Coomes to file with the circuit court clerk of the proper county a just and true account of the demand due to him within six months after the indebtedness accrues. Section 429.080 states:

> It shall be the duty of every original contractor, every journeyman and day laborer, and every other person seeking to obtain the benefit of the provisions of sections 429.010 to 429.340, within six months after the indebtedness shall have accrued to file with the clerk of the circuit court of the proper county a just and true account of the demand due him or them after all just credits have been given, which is to be a lien upon such

building or other improvements, and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply, with the name of the owner or contractor, or both, if known to the person filing the lien, which shall, in all cases, be verified by the oath of himself or some credible person for him.

Mr. Coomes filed his statement of mechanic's lien with the office of the Saline County Circuit Clerk on September 29, 1998, alleging that his last day of work on the project was on July 2, 1998, well within the six month limitation. The statement of account contained the following description of materials and labor:

> Re: Slater Development Corporation, Owner
> Nick Scurra d/b/a Consumer Homebuilders, Contractor
> 125′ × 150″ × 14′ Clear Low Side/RFC2 VL 90¼ 12 Roof Slope, Single Slope
> 24 Gauge Standing Seam Roof–Galvalume Ultra Deck
> 26 Gauge R Panel Colored Sides/20/80 loading
> Gutter and Down Spouts–Low Side Only
> (6) 25′ Bays/4″ White Vinyl Insulation/Engineered Drawing Bolt & Building
> (1)40′ × 10′ Framed Opening Front
> Columns Will Show in this Area—/(1) 8 × 8 F Opening
> Walk Door/ (1) 10′ × 150′ Overhang hyside to Soffit
> Quote is for Steel Building Erected and Insulation
> $136,000 total amount for completed building
> 10% Down Payment when building ordered/$13,600.00
> $89,000 when building on site
> $15,400.00 less $2,500.00 when Red Iron Set
> $18,000.00 less $2,500.00 when Sheeted
> Balance when trimmed

| | |
|---|---|
| Red Iron Set per Contract | $15,400.00 |
| 6/26/98  Sidewall Sheeting Up—Balance on ⅔ Sheeting of Building | 10,200.00 |

Labor:
Two Trips to pick up scaffold removed from job site by Mr. Scurra

| | | | | | |
|---|---|---|---|---|---|
| 6/26/98 | 2 men | 8 hours | $45.00/hour | $ | 450.00 |
| 6/30/98 | 3 men | 8 hours | $65.00/hour | | 544.00 |

Additional Trip regarding scaffolding

| | | | | | |
|---|---|---|---|---|---|
| 7/8/98 | 2 men | 8 hours | $45.00/hour | $ | 450.00 |

| | |
|---|---|
| Total Amount Currently Due | $27,044.00 |

---

**4.** *Summit Lumber Co., Inc. v. Higginbotham,* 586 S.W.2d 799, 801 (Mo.App. W.D.1979).

**5.** *Commercial Openings, Inc. v. Mathews,* 819 S.W.2d 347, 349 (Mo. banc 1991) (*quoting S & R Builders & Suppliers, Inc. v. Marler,* 610 S.W.2d 690, 697 (Mo.App.1980)).

**6.** All statutory references are to RSMo (1994), unless otherwise indicated.

The above Statement of Account was not amended at anytime thereafter.

Further, under § 429.100, Mr. Coomes was also required to give ten days notice of his intent to file the lien to the owner of the property setting out the amount and from whom it's due. Section 429.100 states:

Every person except the original contractor, who may wish to avail himself of the benefit of the provisions of sections 429.010 to 429.340, shall give ten days' notice before the filing of the lien, as herein required, to the owner, owners or agent, or either of them, that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due. Such notice may be served by any officer authorized by law to serve process in civil actions, or by any person who would be a competent witness. When served by an officer, his official return endorsed thereon shall be proof thereof, and when served by any other person, the fact of such service shall be verified by affidavit of the person so serving.

In compliance with the statute, Mr. Coomes provided such notice to SDC on August 26, 1998, prior to filing his petition on December 2, 1998. The petition is governed by § 429.180, which states:

The pleadings, practice, process and other proceedings in cases arising under sections 429.010 to 429.340 shall be the same as in ordinary civil actions and proceedings in circuit courts, except as herein otherwise provided. The petition, among other things, shall allege the facts necessary for securing a lien under said sections, and shall contain a description of the property charged therewith.

It requires the plaintiff to allege the facts necessary for securing a lien and a description of the property.

## A. Validity of Petition

█ The controversy arises under §§ 429.180 and 429.080. The trial court found that the petition failed to allege facts necessary for securing a mechanic's lien and that it failed to comply with the statutory requirements by not including a just and true account of the demand due in the petition.

First, Mr. Coomes argues that the trial court erred in dismissing the petition for failing to comply with the statutes governing mechanic's liens because he followed the proper procedure and due to a drafting error, counsel inadvertently failed to attach the statement of account to the petition. Counsel alleged in paragraph four of the petition that, "Plaintiff furnished the following materials to be used in, and which were in fact actually used in, the construction of said building, appurtenances, and improvements, the particulars, all of which, will appear from the following account, to-wit:." Then counsel failed to include the account statement in the petition or as an exhibit attached to the petition. Further, Mr. Coomes alleges that since Scurra's counsel noticed the deficiency and moved to dismiss the petition without a specific reference to the error instead of filing a motion for more definite statement, the court should not have dismissed Mr. Coomes' petition. At the same time, Mr. Coomes contends that since he filed a motion for leave to amend the petition after the court dismissed Scurra but before dismissing SDC, the court should have granted the motion and allowed him to correct the error. This would have prevented SDC's dismissal.

█ In order to determine if Mr. Coomes' complied with the statutes governing mechanic's liens, we must give the words in the statute their plain and ordinary meaning.[7] Our role is to construe these statutes and determine the legisla-

---

7. *Burch Food Servs., Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 480 (Mo. App. W.D.1997) *(citing McCollum v. Director of Revenue,* 906 S.W.2d 368, 369 (Mo. banc 1995)).

ture's intent.[8] Thus, in order to determine the legislature's intent we will look to the plain and ordinary meaning of the language used in the statute. After reviewing Mr. Coomes' petition and a careful reading of § 429.180, we conclude that his petition is sufficient to withstand a motion to dismiss for failure to state a claim. Although Mr. Coomes did not include a copy, attach a copy of the statement of account to the petition or incorporate it by reference, he did file it within the six month period with the circuit clerk in the appropriate county in compliance with §§ 429.080 and 429.180.

■■■■ Mr. Coomes is required to plead certain facts necessary to give rise to a valid cause of action under Chapter 429 governing mechanic's liens [9] including (1) the legal description of the property,[10] (2) that he provided ten days notice to the property owner prior to filing the mechanic's lien,[11] and (3) that he filed a just and true account of the demand due to him after all just credits have been given with the circuit clerk of the appropriate county within six months after the last day of work or the last day materials were furnished.[12] Neither §§ 429.080 nor 429.180 require the subcontractor to include either by reference or attachment to the petition the just and true account. Moreover, neither respondent provides us with any authority on the issue, and our research has not uncovered any case which mandates that the petition contain a reference or attachment of the statement of account.

The Eastern District concluded that the statutes do not require the plaintiff to serve the defendants with a copy of the lien statement filed with the circuit clerk.[13] It would logically follow that if a plaintiff is not required to serve defendants with a copy of the lien statement, then the petition, which is served on defendants, does not have to contain the lien statement either.

■■■■ The plaintiff, who asserts a mechanic's lien, however, is required to give the property owner ten days notice of filing the lien.[14] The purpose of this section is to give the property owner notice of all claims so he can withhold payment from the original contractor and to discharge the debt prior to the filing of the lien.[15] When the lien is filed with the circuit clerk it becomes available to the public "appris[ing] interested parties. of the labor and materials the lien claimant asserts to have furnished so those persons may investigate and determine whether the materials went into the building and whether the charges are reasonable." [16]

Mr. Coomes' petition alleged that the last item furnished for this construction project was on July 2, 1998. Furthermore, he alleged that he provided notice to SDC at least ten days in advance of the filing of the lien, and that on September 29, 1998, he filed a just and true account of the demand in the office of the Circuit Clerk of Saline County. The petition also set forth the amount of the demand. We are required to construe Mr. Coomes' mechanic's lien petition liberally, and in doing so, we

8. *Magee v. Blue Ridge Prof'l Bldg.*, 821 S.W.2d 839, 843 (Mo. banc 1991) (citations omitted).

9. § 429.180.

10. § 429.180.

11. § 429.100; *see also Structo Corp. v. Leverage Inv. Enter. Ltd.*, 613 S.W.2d 197, 200 (Mo.App. W.D.1981).

12. § 429.080; *see also Mitchell Eng'g Co. v. Summit Realty Co., Inc.*, 647 S.W.2d 130, 138 (Mo.App. W.D.1982); *Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76, 83 (Mo.App. E.D.1979).

13. *Meyer Supply Co. v. Lane*, 741 S.W.2d 304, 306 (Mo.App. E.D.1987).

14. § 429.100.

15. *Meyer*, 741 S.W.2d at 306 (*citing R.L. Sweet Lumber Co. v. E.L. Lane, Inc.* 513 S.W.2d 365, 370 (Mo. banc 1974)).

16. *Garavaglia v. J.L. Mason of Missouri, Inc.*, 733 S.W.2d 53, 56 (Mo.App. E.D.1987) (citations omitted).

find that after accepting all of the allegations as true, his petition stated a valid claim for relief and complied with the statutes governing mechanic's liens, §§ 429.010 to 429.340. Therefore, we reverse the trial court's judgment as to the sufficiency of the pleadings.

### B. Sufficiency of Lien Statement

The second issue we must address is whether the lien statement was a just and true account of the demand sufficient to withstand a dismissal. Section 429.080 requires a filing, with the circuit clerk in the proper county, a just and true account of the demand due to Mr. Coomes after all just credits have been given in order to ensure that the landowner and other interested parties are able to "discern from the lien statement information sufficient to permit an investigation to determine whether the materials the claimant asserts he has furnished were actually used in the construction of the building, whether they were lienable items, and whether the amount charged is proper." [17] In *Commercial Openings, Inc. v. Mathews,* the court recognized a distinction between the requirements for filing a just and true account for a general contractor and a subcontractor. A general contractor is not required to itemize his account, thus, a lump sum figure is sufficient to comply with the statute.[18] But a subcontractor must itemize his statement of account and include the labor and materials furnished.[19]

The court justified this distinction by concluding that a property owner knows or should know what materials the general contractor provided because he contracts directly with the owner.[20] Whereas, the subcontractor contracts with the general contractor and not the owner.

In this scenario the owner would not necessarily know what materials and labor the subcontractor agreed to supply to the general contractor.[21] Therefore, a subcontractor's lien statement must provide a detailed and itemized list of the materials and labor in order to allow the owner to "investigate and determine the propriety of the lien claim." [22] If the subcontractor fails to itemize the quantity and types of material used, and the owner cannot determine what materials were furnished based on the lien statement, the subcontractor's lien will be deemed insufficient.[23]

Scurra argues that Mr. Coomes failed to comply with § 429.080 by neglecting to file his statement of account with the Circuit Court of Saline County because he failed to provide a detailed and itemized statement within the six month deadline as required by the statute. Mr. Coomes failed to separate the labor furnished from the materials provided and states only lump sum amounts for both, and therefore, Scurra would not be able to determine and investigate what labor and materials Mr. Coomes used. SDC's brief outlines the same arguments as Scurra.

Mr. Coomes' lien statement outlines the description, dimensions and quantity of the items used. He also details the labor provided by him and his crew including dates, number of employees, hours, hourly rate, and a total. SDC and Scurra contend that Mr. Coomes statement was deficient because he failed to separate the labor and materials provided, but the statement clearly separates the labor and material, and therefore, we find that Mr. Coomes properly filed a just and true account of the demand due after giving just credits. Because these points are dispositive of this appeal, we will not address point one.

---

17. *Mathews,* 819 S.W.2d at 349 (*citing Wadsworth Homes, Inc. v. Woodridge Corp.,* 358 S.W.2d 288, 291 (Mo.App.1962)).

18. *Id.* at 349–50.

19. *Id.*

20. *Id.* at 350.

21. *Mathews,* 819 S.W.2d at 350.

22. *Id.*

23. *Id.*

## IV. Conclusion

We reverse the trial court's judgment dismissing Mr. Coomes' petition for a mechanic's lien as to Respondents Scurra and SDC and remand the cause for further proceedings consistent with this opinion.

HOLLIGER and LOWENSTEIN, JJ., concur.