In re BRIDGE INFORMATION SYSTEMS, INC., et al., Debtors.

Sachs Electric Company, et al., Plaintiffs,

v.

Bridge Information Systems, Inc., et al., Defendants,

v.

Savvis Communications Corporation, Third–Party Defendant.

Bankruptcy No. 01–41593–293.
Adversary No. 01–4176–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

April 12, 2002.

Mark A. Menghini, Greensfelder, Hemker & Gale, St. Louis, MO, for McCarthy Building Companies, Inc. and Sachs Electric Company.

William L. Sauerwein, St. Louis, MO, for State Farm Life Insurance Co.

Steven M. Cockriel, St. Louis, MO, for Air Masters Corporation.

## MEMORANDUM OPINION

DAVID P. MCDONALD, Chief Judge.

Sachs Electric Co. ("Sachs") filed the instant adversary proceeding to determine the extent and relative priority of its mechanics' lien against an office complex located at 700 Office Parkway (the "Property") owned by the debtor in the underlying bankruptcy, Bridge Information Systems of America ("Bridge"). Relevant to the issues before the Court, the defendants in the adversary are two other mechanic lien claimants, McCarthy Building Companies ("McCarthy") and Air Master Corporation ("Air Masters") along with the deed of trust holder on the Property, State Farm Life Insurance Company ("State Farm").

State Farm moved for judgment as a matter of law under Fed.R.Civ.P. 52(c) after opening arguments on the issue of whether its deed of trust is superior to the mechanics' lien claims. Because it is undisputed that the three contractors' work on the Property only involved the improvement of a building existing at the time State Farm perfected its deed of trust, State Farm is entitled to judgment as a matter of law on the priority issue. Also, because State Farm's request for a prepayment penalty is not reasonable under 11 U.S.C. § 506(b), the value of its lien against the Property does not include the prepayment penalty.

### JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding

under 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409.

### FACTUAL AND PROCEDURAL BACKGROUND

As a preliminary note, because the Court granted State Farm's motion for judgment as a matter of law on the issue of priority, the Court views the facts in the light most favorable to the non-movants, the mechanic lien claimants. *Callantine v. Staff Builders, Inc.*, 271 F.3d 1124, 1130 (8th Cir.2001).

State Farm financed Bridge's purchase of the Property. Bridge executed a note in favor of State Farm in the principal amount of $1,068,678.81 and secured its payment of the note with a deed of trust on the Property. State Farm recorded the deed of trust on May 29, 1999.

The interest rate on the note is 7.45 percent per annum and has a term of eight years. The note also states that if Bridge defaults on its obligations under the note, the interest rate increases to 12.45 percent (the "default interest rate"). The note further provides that State Farm is entitled to recover the legal fees it may incur in collecting on the note.

The note also contains a provision whereby Bridge may prepay the principal only after August 1, 2002. If Bridge prepays the note prior to August 1, 2002, the note requires it to pay a prepayment penalty. The prepayment penalty is equal to the present value of the difference between the remaining payment on the note at contract interest rate of 7.45 percent and the return State Farm would earn if it invested the prepaid amount in Treasury Securities with a maturity date proximate to the term of the note.

Bridge contracted with McCarthy and Sachs to make certain repairs on the Property. McCarthy, a general contractor, contracted with Air Masters to perform some of the work on the Property. Sachs, McCarthy and Air Masters began working on the Property in August 2000, eighteen months after State Farm perfected its deed of trust. The contractors' work on the Property consisted of converting the building from a multiple tenant to a single user building along with the installation of a new HVAC system.

Bridge failed to pay Sachs and McCarthy for a significant amount of the work they performed. McCarthy, in turn, did not pay Air Masters. Sachs, McCarthy and Air Masters filed and perfected their mechanics' liens under Missouri law for the value of the improvements.

The principal balance on the note secured by State Farm's deed of trust is $1,017,146. The past due interest on the note is $84,827.14 and the interest due at the default interest rate is $47,089.40. Further, State Farm has incurred legal fees in the amount of $36,877.71 Also, the yield on the operative Treasury Security is 4.35 percent, which results in a prepayment penalty of approximately $106,000.

The Court has previously granted State Farm's motion for relief from the automatic stay to foreclose on its deed of trust. Bridge consented to State Farm's motion for relief because it believes it does not have an interest in the Property. The Contractors consented to State Farm's motion for relief in order to facilitate the liquidation of the Property. The foreclosure sale is set for April 19, 2002.

With the exception of State Farm's claim for its prepayment penalty, the parties have stipulated to the validity and extent of each other's lien on the Property. The parties agree that State Farm's deed

of trust secures the principal balance on the note, the past due interest, including the interest at the default rate, and State Farm's attorney's fees. This amount equals $1,168,681.30. The parties have stipulated that the Contractors' mechanics' liens have the following values: (1) Sachs 150,687.10; (2) McCarthy $ 496,811.76 and (3) Air Master $296,467.11. Also, Sachs has agreed that its mechanics' lien is subordinate to State Farm's deed of trust. The parties have also stipulated that these amounts are allowed claims against the estate and are secured claims under 11 U.S.C. § 506(a) to the extent of the value of each creditor's interest in the Property.

There are two issues remaining after the parties' stipulations. First is whether State Farm's deed of trust is senior to the mechanics' liens of McCarthy and Air Masters (collectively the "Contractors"). The second issue is whether State Farm's secured claim includes the $106,000 prepayment penalty under 11 U.S.C. § 506(b).

At trial, State Farm moved for a "directed verdict" on the priority issue.[1] The Court granted State Farm's motion because even viewed in the light most favorable to the Contractors, their opening statement demonstrated that they could not prevail on the priority issue as a matter of law. The parties submitted the prepayment issue on the facts as recited above.

## DISCUSSION

### A. Lien Priority

#### 1. Missouri Law Applies

 Unless there is an overriding federal interest, a bankruptcy court should apply state law when adjudicating property rights. *Johnson v. First Nat. Bank of Montevideo,* 719 F.2d 270, 274 (8th Cir.

1983). Mechanics' liens are purely a creation of Missouri state law. *Coomes v. Slater Dev. Corp.,* 36 S.W.3d 412, 414–15 (Mo.Ct.App.2001). The Bankruptcy Code is silent on the issue of the relative priority of mortgagees and mechanic lien holders. *See In re Gateway Center Building Investors, Ltd.,* 95 B.R. 647, 649–50 (Bankr. E.D.Mo.1989). Accordingly, there is no overriding federal interest and Missouri state law will apply. *Id.* at 650.

#### 2. State Farm's Prior Deed of Trust is Prior to the Mechanics' Liens

The Court granted State Farm's motion for judgment as a matter of law pursuant to Fed. R. Civ. Proc. 52(c), which is applicable to this adversary proceeding under Fed. R. Bankr.P. 7052, after Contractors' opening argument. The following is analysis of the Court's rationale in granting State Farm's motion.

A trial court should grant a motion for judgment as a matter of law under Fed. R.Civ.P. 52(c) if, after resolving all doubts in favor of the non-movant, the court finds that the non-movant cannot maintain its claim under controlling law. *Harvey v. Wal–Mart Stores, Inc.,* 33 F.3d 969, 970 (8th Cir.1994). In analyzing this issue, the Court appreciates the fact that judgment as a matter of law should only be granted after opening statements in the rare circumstance where the evidenced outlined by the non-movant in its opening statement demonstrates that it cannot prove its claim. *Brown v. United Missouri Bank,* 78 F.3d 382, 387 (8th Cir.1996)

 It is undisputed that State Farm's deed of trust was already perfected when the Contractors began working on the Property. Missouri's Mechanics' Lien Act

---

1. The Court treats the motion for a directed verdict as a motion for a judgment as a matter of law under Fed.R.Civ.P. 52(c). *See*

*Weisgram v. Marley Co.,* 528 U.S. 440, 447–48, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000).

provides that the contractor has a lien upon the buildings, erections or improvements that is superior to a prior mortgagee's security interest. Mo.Rev.Stat. § 429.050. Also, the statute states that the mechanic may enforce the lien by selling such buildings, erections or improvements under execution and that the purchaser may remove the same within a reasonable time. *Id.* Missouri courts have long held that section 429.050 only applies when the work done or material provided was for the completion of an independent or detached building not existing at the time the mortgagee perfected its prior interest. *Schulenberg v. Hayden,* 146 Mo. 583, 48 S.W. 472 (1898); *Haeussler v. Thomas,* 4 Mo.App. 463 (1877); *Reed v. Lambertson,* 53 Mo.App. 76 (1893); *Elliott & Barry Engineering Co. v. Baker,* 134 Mo.App. 95, 114 S.W. 71, 72 (1908); *May v. Mode,* 142 Mo.App. 656, 123 S.W. 523, 527 (1909); *Davidson v. Fisher,* 258 S.W.2d 297, 303 (Mo.Ct.App.1953); *Trout's Investments, Inc. v. Davis,* 482 S.W.2d 510, 515 (Mo.Ct. App.1972). This rule applies even if the contractor's work is substantial in nature. *Id.* at 516. The Eighth Circuit has also adopted this interpretation of § 429.050 in *dicta.* *Exec Tech Partners v. Resolution Trust Co. (In re Exec Tech Partners),* 107 F.3d 677, 680 (8th Cir.1997).

■ The Contractors acknowledge that § 429.050 does not strictly apply to this situation because the work it completed was on a building that existed at the time State Farm perfected its deed of trust. The Contractors, however, assert that their mechanics' liens are entitled to priority over State Farm's deed of trust under the "spirit" of § 429.050 because its work enhanced the value of the Property. This argument fails as a matter of law for two reasons.

■ First, Missouri courts have consistently observed that mechanics' liens were not recognized at either law or equity. Therefore, they are purely creatures of statute. *Doellner v. Rogers,* 16 Mo. 340 (1852); *Coomes,* 36 S.W.3d at 414–15. Thus, any priority given to a mechanic lienor over a prior mortgagee is governed solely by the mechanics' lien statutes. *Hicks v. Scofield,* 121 Mo. 381, 25 S.W. 755, 756 (1894). Because the Contractors conceded in their opening statement that the literal language of § 429.050 does not apply here, even assuming that their work enhanced the value of the Property; their liens cannot be superior to State Farm's prior deed of trust as a matter of law.

The second reason why the Contractor's enhancement argument fails as a matter of law is that the Missouri Supreme Court has already rejected that argument. In *Schulenberg,* the mechanic lienors rebuilt a partially burned home. Specifically, the contractors added a new room, a kitchen, a bathroom and a third story. *Schulenberg,* 48 S.W. at 472. Before the fire, the property was worth $6,000. After the fire partially destroyed the house, the property was worth $2,000. The Court found that the property was worth $10,000 after the contractors completed their work. *Id.* at 472. The contractors argued that they was entitled to priority over the prior mortgagee because their work substantially increased the value of the house. The Supreme Court, however, rejected that argument. The Court held that regardless of how much the contractors' work increased the value of the property, the contractor has priority only if it erects or completes a new, independent building.[2] *Id.* at 474–75.

2. This rule also applies when the contractor installs new machinery into an existing build-

ing even if the new machinery greatly enhances the functionality of the building. *El-*

McCarthy contends, without explanation, that *Schulenberg* is inapplicable to the instant case because *Schulenberg* involved the reconstruction of a partially burned house. However, there is nothing in § 429.050 that would even remotely suggest a different outcome when a building is partially rebuilt after a fire from when the contractor repairs or improves a building. Thus, the fact that *Schulenberg* involved the reconstruction of a partially burned house is a meaningless distinction from the facts of the present dispute.

The rationale underlying the Supreme Court's rejection of the enhancement theory is that § 429.050 only gives the contractor the right to enforce its lien by selling its improvement separate from the mortgagee's senior interest in the land and any existing buildings. *Fleming–Gilchrist Const. Co. v. McGonigle*, 338 Mo. 56, 89 S.W.2d 15, 20–21 (1935). Thus, under § 429.050 it would be exceedingly difficult to separate and then sell the interest of the contractor when the improvements are integrated into an existing structure that is part of the mortgagee's security. *Schulenberg*, 48 S.W. at 474.[3] *See also* Thomas B. Becker & Dana Hockensmith, Comment, *Mechanic's Liens–Priority Over Mortgages and Deeds of Trust*, 42 Mo. L. Rev. 53, 62 (1977).

McCarthy also contends that *Jones Lumber Co. v. Snyder*, 221 Mo.App. 1227, 300 S.W. 850 (1927) stands for the proposition that the rationale underlying

§ 429.050 gives the contractor's mechanic's lien priority over a prior mortgagee if the contractor's lien does not impair the mortgagee's security. In *Jones Lumber* the court premised its holding on the fact that the parties stipulated that the frame structure of the residence was destroyed by a fire. *Id.*, 300 S.W. at 852. It is true that the court did observe that the mechanic's lien did not impair the mortgagee's prior lien. *Id.* However, the rationale for that conclusion was that because the new building was completely distinct from the prior building, it could be removed from the underlying land and the premises left in the exact same condition as when the prior mortgagee perfected its deed of trust. *Id.* Thus, the difficulty in separating the contractor's interest in the improvements from the mortgagee's prior interest in the land and existing building was not present in *Jones*.[4] *Id.*

Under *Schulenberg* and its progeny, even if the Contractors' work substantially increased the value of the Property, they are only entitled to priority if their work involved the completion of an independent structure on the Property. The Contractors conceded that the goods and services they provided involved improving an already existing building. Thus, State Farm was entitled to judgment as a matter of law on the issue of priority.

In conclusion, Mo.Rev.Stat. §§ 429.050 and 429.060 provides the only mechanism

---

liott & Barry Eng'g v. Baker, 134 Mo.App. 95, 114 S.W. 71, 73 (1908).

3. The Missouri Supreme Court observed that a rule where a court was required to separate the contractor's interest in the improvements from the mortgagee's interest in the property, including the building in which the improvements were integrated, would "require more wisdom than Solomon had to exert in finding the true mother of the child." *Schulenberg*, 48 S.W. at 474.

4. The two other cases cited by the Contractors where the mechanics' liens were senior to the mortgagee's prior deed of trust are inapposite because in both the courts found that the contractor's work involved the completion of a building that was not complete when the mortgagee perfected its interest. *McAdow v. Sturtevant*, 41 Mo.App. 220 (1890); *Hall v. St. Louis Mfg., Co.*, 22 Mo.App. 33 (1886).

under Missouri law in which a contractor's mechanics' lien in the improvements is superior to a prior mortgagee's interest. The Contractors admitted in opening arguments that neither §§ 429.050 nor 429.060 is applicable to the present case because they improved a building that existed on the Property at the time State Farm recorded its deed of trust. Further, the Missouri Supreme Court has rejected the Contractors' enhancement theory. Therefore, even after resolving all factual disputes in favor of the Contractors, the Contractors' opening statement demonstrated that they simply could not prevail on the priority issue under applicable Missouri law. Accordingly, State Farm was entitled to judgment as a matter of law under Fed.R.Civ.P. 52(c) on the priority issue.

## B. The Pre–Payment Penalty

■ State Farm contends the Court does not have jurisdiction over this issue because the Court ceded such jurisdiction to the state court in granting State Farm's motion for relief from the automatic stay. State Farm relies upon *In re Fisher*, 80 B.R. 58 (Bankr.M.D.N.C.1987) for its argument that once a bankruptcy court grants a motion to lift the automatic stay to allow a mortgagee to foreclose on its security interest, the court transfers jurisdiction to determine all issues relating to the subject property to the state court. *Fisher* is not applicable to the instant dispute concerning whether State Farm is allowed to collect the prepayment penalty under 11 U.S.C. § 506(b).

The issue in *Fisher* was whether the bankruptcy court had the power to set aside a foreclosure sale approved by the state court after the bankruptcy court had already granted the mortgagee's relief from the stay over the objection of other creditors. *Id.* at 62. The *Fisher* Court held that it would not allow an objecting

creditor to collaterally attack the state court's determination of issues relating to the foreclosure sale. *Id.*

Here, the Court expressly retained jurisdiction over the issues of the extent and relative priorities of various liens on the Property in its order granting relief from the stay. Also, the Contractors consented to the order allowing for relief from the automatic stay and the order was simply a vehicle to hasten the sale of the Property because of its deteriorating condition. Thus, *Fisher* is not applicable to the present case.

State Farm also argues that because Bridge has indicated that it has no interest in the Property, the Court does not have jurisdiction over the prepayment penalty issue. As the Contractors point out, although Bridge has indicated that it will not participate in the present litigation because it believes the estate has no equity in the Property, it never formally abandoned the property under 11 U.S.C. § 554.

■ Because Bridge never abandoned the Property as required in § 554, the Property still constitutes property of the estate. *United States v. Unger*, 949 F.2d 231, 234 (8th Cir.1991). Therefore, this action to determine the extent and priority of the liens against the Property falls squarely within this Court's core jurisdiction. *Missouri v. United States Bankruptcy Court for the Eastern Dist. of Arkansas*, 647 F.2d 768, 774 (8th Cir.1981); 28 U.S.C. § 157(b)(2)(K).

■ A secured party's demand to include a prepayment penalty as part of its secure claim against the estate must be reasonable under 11 U.S.C. § 506(b). *In re Kroh Bros.*, 88 B.R. 997, 999 (Bankr. W.D.Mo.1988). Because State Farm's request for the prepayment penalty is unreasonable under § 506(b), the amount of its

secured claim does not include the prepayment penalty.

■■■■■ A prepayment penalty is enforceable under § 506(b) only if it accurately measures the party's actual damages from early payment. *Id.* at 1001. Actual damages equal the difference between contract interest rate minus the market interest rate at the time of prepayment reduced to present value. *In re Schwegmann Giant Supermarkets*, 264 B.R. 823, 828 (Bankr.E.D.La.2001). The claimant has the ultimate burden of proof on the issue of whether the prepayment penalty is reasonable. *Id.*

■■■■■ The return on short term Treasury Securities is not an accurate measure of the current market rate of interest for the type of commercial loans that a commercial lender is likely to make. *In re Skyler Ridge*, 80 B.R. 500, 504 (Bankr. C.D.Cal.1987); *In re Duralite Truck Body & Container Corp.*, 153 B.R. 708, 714–15 (Bankr.D.Md.1993). Rather, the secured lender must produce some evidence as to the market interest rate from commercial loans in order to meet its burden of proof on the issue. *Schwegmann*, 264 B.R. at 830.

Here, the contract provides a prepayment penalty equal to the contract rate of interest minus the rate on short term Treasury Securities. However, John Elterich, a corporate representative of State Farm, testified that he had no idea whether State Farm could obtain a higher rate of return than the rate of interest on the promissory note in question. Thus, State Farm has not met its burden of proof in establishing its actual damages from the prepayment.

■■■■■ Even if State Farm could prove its actual damages from the prepayment, the Court must still determine that the equities favor allowing State Farm to recover its penalty. *In re Southland Corp.*, 160 F.3d 1054, 1060 (5th Cir.1998). Here, because the Contractors' mechanics' liens are junior to State Farm's deed of trust, allowing State Farm to collect its prepayment penalty could substantially harm the Contractors. Also, State Farm will collect approximately $50,000 in default interest. Further, State Farm will collect its attorneys' fees expended in litigating this action. Under such circumstances, the Court finds that it would be inequitable to allow State Farm to collect the prepayment penalty. *See Id.; Schwegmann*, 264 B.R. at 831–32.

## CONCLUSION

Because the Contractors acknowledged in opening statement that the work they performed consisted only of improving an existing building, State Farm was entitled to judgment as a matter of law on the priority issue under Fed.R.Civ.P. 52(c). State Farm, however, failed to meet its burden in demonstrating that the prepayment penalty was reasonable under 11 U.S.C. § 506(b). Also, the equities tipped in favor of not allowing State Farm to collect the prepayment penalty. Thus, the value of State Farm's secured claim against the Property does not include the $106,000 prepayment penalty.

An Order consistent with this Memorandum Opinion will be entered this date.